**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF VIRGINIA**

**DANVILLE DIVISION**

**GWENDOLYN SMALLS, as Administratrix**

**Of the Estate of LINWOOD RAYMOND**

**LAMBERT, JR., deceased,**

                                   **ANSWER**

        Plaintiff,

v.                                     **Civil Action No. 4:15CV00017**

**CHIEF OF POLICE, JAMES W. BINNER,**
**COLONEL,**
**Individually and in his official capacity, et als.,**

        Defendants.

COME NOW DEFENDANTS, Chief of Police, James W. Binner, Colonel, Deputy Chief of Police, Brian K. Lovelace, Town of South Boston, the South Boston Police Department, Corporal Tiffany Bratton (named in Plaintiff's Complaint as Jane Doe 1-15), Officer Clifton Mann (named in Plaintiff's Complaint as John Doe 1-15) and Officer Travis Clay (named in Plaintiff's Complaint as John Doe 1-15), denying that they are liable to Plaintiff in any sum under any legal theory of recovery, and for their answer aver as follows:

1. These Defendants admit that Plaintiff seeks damages as alleged in paragraph 1 of Plaintiff's Complaint. The remaining allegations of paragraph 1 of Plaintiff's Complaint are denied.

1

Further, the South Boston Police Department affirmatively states that it is *non sui juris*, and as such does not have the capacity to be sued.

2. As alleged in paragraph 2 of Plaintiff's Complaint, it is admitted that in the early morning hours of May 4, 2013, Linwood Lambert Jr. was unarmed, and that the police officers chose to transport Mr. Lambert to Halifax Regional Hospital for a mental health evaluation. All other allegations in paragraph 2 of Plaintiff's Complaint are denied.

3. As alleged in paragraph 3 of Plaintiff's Complaint, it is admitted that Tasers were deployed in the direction of Linwood Lambert Jr. outside the Halifax Regional Hospital in response to Lambert's actions, specifically kicking out the window of the patrol car, running directly into the sliding glass entrance doors to the hospital and separating them from their track, and refusing to be placed under lawful arrest. All other allegations of paragraph 3 of Plaintiff's Complaint are denied.

4. As alleged in Paragraph 4 of Plaintiff's Complaint, it is admitted that Tasers were deployed in the direction of Linwood Lambert Jr. outside the Halifax Regional Hospital in response to Lambert's actions, specifically kicking out the window of the patrol car, running directly into the sliding glass entrance doors to the hospital and separating them from their track, and refusing to be placed under lawful arrest. All other allegations of paragraph 4 of Plaintiff's Complaint are denied.

5. The allegations of paragraph 5 of Plaintiff's Complaint are denied.

6. As alleged in paragraph 6 of Plaintiff's Complaint, it is admitted that the rescue squad was summoned to the Blue Ridge Regional Jail after Linwood Lambert Jr. was placed under arrest, taken to the jail, and found to be unresponsive in the back of a police vehicle. The remaining allegations of paragraph 6 of Plaintiff's Complaint are denied.

7. The allegations of paragraph 7 of Plaintiff's Complaint are denied.

2

8. The allegations of paragraph 8 of Plaintiff's Complaint are denied.

9. The allegations of paragraph 9 of Plaintiff's Complaint are denied.

10. The allegations of paragraph 10 of Plaintiff's Complaint are denied.

11. The allegations of paragraph 11 of Plaintiff's Complaint are denied. These Defendants further affirmatively state that paragraph 11 mischaracterizes and misapplies the law, as the Eighth Amendment applies only after a conviction order has been entered from a court of competent jurisdiction.

12. The allegations of paragraph 12 of Plaintiff's Complaint are denied.

13. These Defendants deny the allegations of paragraph 13 of Plaintiff's Complaint and deny that they are liable to Plaintiff in any sum whatsoever.

14. The allegations of paragraph 14 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent that an answer is required, the allegations are denied. Further, these Defendants state that the South Boston Police Department had authorization for only twenty eight (28) sworn officers, therefore, naming thirty (30) potential John / Jane Does is frivolous and lacking in any foundation that reasonable inquiry could have revealed.

15. The allegations of paragraph 15 of Plaintiff's Complaint are denied. On May 4, 2013, the same day this incident occurred, the investigation concerning Linwood Lambert Jr. and his death was transferred to the Virginia State Police, and apparently an investigation was performed concerning the events involving Linwood Lambert Jr. by the Virginia State Police. Therefore, these Defendants were not "exclusively in the possession of" the documents referred to in Paragraph 15 of Plaintiff's Complaint nor do these Defendants possess all of the investigative reports concerning this matter. See Exhibit A (reporting that the Virginia State Police "have been called in to conduct an investigation into the incident").

16. The allegations of paragraph 16 of Plaintiff's Complaint are denied. At no time did any of these Defendants "cover up the deprivation of Linwood Lambert Jr.'s civil rights and conceal the conduct..." of any officer as no such cover up or deprivation of Linwood Lambert Jr.'s rights occurred. On May 4, 2013, the investigation of the Linwood Lambert Jr. matter was turned over to the Virginia State Police. The allegations contained in paragraph 16 of Plaintiff's Complaint are frivolous and lacking in any reasonable foundation.

17. The allegations of paragraph 17 of Plaintiff's Complaint are denied. Further, these Defendants affirmatively state that they turned over the investigation of the Linwood Lambert Jr. matter to the Virginia State Police on the same day the events giving rise to this action occurred. The allegations contained in paragraph 17 of Plaintiff's Complaint are frivolous and lacking in any reasonable foundation.

18. The allegations of paragraph 18 of Plaintiff's Complaint are denied. There has been no conspiracy to "cover up the violations of Plaintiff decedent's...rights..." The allegations contained in paragraph 18 of Plaintiff's Complaint are frivolous and lacking in any reasonable foundation.

19. The allegations of paragraph 19 of Plaintiff's Complaint are denied.

20. The allegations of paragraph 20 of Plaintiff's Complaint are denied.

21. The allegations of paragraph 21 of Plaintiff's Complaint are denied.

22. The allegations of paragraph 22 of Plaintiff's Complaint are frivolous, lacking in any reasonable foundation, and are expressly denied.

23. The allegations of paragraph 23 of Plaintiff's Complaint are denied.

24. The allegations of paragraph 24 of Plaintiff's Complaint are denied.

25. The allegations of paragraph 25 of Plaintiff's Complaint do not require an answer of these Defendants. To the extent an answer is required, the allegations are denied.

4

26. These Defendants do not contest that this court has subject matter jurisdiction over claims and controversies that properly arise under federal law. However, these Defendants deny that Plaintiff has appropriately pled or alleged a case arising under federal law. These Defendants reserve the right to contest that a particular federal cause of action is appropriate in the instant matter.

27. These Defendants do not contest that this court has supplemental jurisdiction over state law claims that arise out of the same common nucleus of operative facts that give rise to a proper federal cause of action. However, these Defendants deny that Plaintiff has appropriately pled a case for supplemental jurisdiction and reserve the right to contest that a particular cause of action in the instant matter is properly before the court.

28. These Defendants do not contest that venue is proper in the Danville Division of the Western District of Virginia if this court has proper jurisdiction over the events concerning Linwood Lambert Jr. These Defendants deny that Plaintiff has properly pled a cause of action sufficient to invoke the jurisdiction of this court and reserve the right to contest the jurisdiction of this court on any issue raised by Plaintiff's Complaint.

29. These Defendants are without sufficient information to admit or deny the allegations of paragraph 29 of Plaintiff's Complaint and demand strict proof thereof.

30. These Defendants are without sufficient information to admit or deny the allegations of paragraph 30 of Plaintiff's Complaint and demand strict proof thereof.

31. These Defendants admit that Linwood Lambert Jr. died on May 4, 2013. These Defendants are not presently aware of Linwood Lambert Jr.'s date of birth.

32. Based on Exhibit A attached to Plaintiff's Complaint, these Defendants admit the allegations of paragraph 32 of Plaintiff's Complaint.

5

33. The allegations of paragraph 33 of Plaintiff's Complaint are a legal conclusion that do not require an answer of these Defendants.

34. The allegations of paragraph 34 of Plaintiff's Complaint are admitted, except as to the number of sworn officers in the South Boston Police Department and that the Defendants acted under the statutes, ordinances, regulations, policies, customs and usages of Halifax County, which said allegations are denied.

35. The allegations of paragraph 35 of Plaintiff's Complaint do not require an answer of these Defendants. These Defendants affirmatively state that the Town of South Boston Police Department had authorization for only twenty eight (28) sworn officers, accordingly, to accuse thirty (30) John / Jane Does is frivolous.

36. The allegations of paragraph 36 of Plaintiff's Complaint are admitted, except as to the number of sworn officers in the South Boston Police Department, which said allegation is denied.

37. The allegations of paragraph 37 of Plaintiff's Complaint are admitted, except as to the number of sworn officers in the South Boston Police Department, which said allegation is denied.

38. The allegations of paragraph 38 of Plaintiff's Complaint are admitted, except as to the number of sworn officers of the South Boston Police Department, which said allegation is denied.

39. The allegations of paragraph 39 of Plaintiff's Complaint are denied.

40. The allegations of paragraph 40 of Plaintiff's Complaint are admitted, except as to the number of sworn officers in the South Boston Police Department, which said allegation is denied.

41. The allegations of paragraph 41 of Plaintiff's Complaint are admitted, except as to the number of sworn officers in the South Boston Police Department, which said allegation is denied.

42. These Defendants admit that the South Boston Police Department has adopted policies dealing with a variety of law enforcement practices and techniques. These Defendants deny that the

6

South Boston Police Department has adopted all of the specific polices named in paragraph 42 of Plaintiff's Complaint.

43. The allegations of paragraph 43 of Plaintiff's Complaint do not require an answer of the Town of South Boston. To the extent an answer may be required, the Town of South Boston denies that it is liable to Plaintiff under any theory.

44. The allegations of paragraph 44 of Plaintiff's Complaint do not require an answer of the South Boston Police Department. Notwithstanding the aforementioned, the Town of South Boston Police Department affirmatively states that it is *non sui juris* and does not have the capacity to be sued.

45. As alleged in paragraph 45 of Plaintiff's Complaint, these Defendants admit that there exists a policy entitled "112-Adm-Use of Force" and that said policy was approved by Defendant Chief Binner.

46. The allegations of paragraph 46 of Plaintiff's Complaint, as presently articulated, are denied. Defendants are aware that the use of Tasers in other jurisdictions has been alleged to have caused death; however, the deployment of Tasers when a subject has become violent, causing damage to property and placing the safety of persons at risk, as was the case with Linwood Lambert Jr., is an appropriate and necessary use of force alternative to more harmful and lethal options available to law enforcement officers.

47. The allegations of paragraph 47 of Plaintiff's Complaint are denied. These Defendants affirmatively state that while any use of force option available to law enforcement officers has the potential to be used in excess, no such excessive force was used against Linwood Lambert Jr. on May 4, 2013. These Defendants further affirmatively state that there is nothing "unique" about Tasers as a use of force option that makes them more or less susceptible to being used excessively.

7

48. The allegations of paragraph 48 of Plaintiff's Complaint are denied.

49. The allegations of paragraph 49 of Plaintiff's Complaint are denied.

50. The allegations of paragraph 50 of Plaintiff's Complaint are denied. A Taser is an appropriate and necessary use of force alternative to more harmful and lethal options available to law enforcement.

51. The allegations of paragraph 51 of Plaintiff's Complaint are denied.

52. The allegations of paragraph 52 of Plaintiff's Complaint are denied.

53. The allegations of paragraph 53 of Plaintiff's Complaint, as presently articulated, are denied. Defendants are aware that the use of Tasers in other jurisdictions has been alleged to have caused death; however, the deployment of Tasers when a subject has become violent, causing damage to property and placing the safety of persons at risk, as was the case with Linwood Lambert Jr., is an appropriate and necessary use of force alternative to more harmful and lethal options available to law enforcement.

54. These Defendants have insufficient knowledge to admit or deny the allegations of paragraph 54 of Plaintiff's Complaint and demand strict proof thereof.

55. The allegations of paragraph 55 of Plaintiff's Complaint are denied.

56. As alleged in paragraph 56 of Plaintiff's Complaint it is admitted that it was reported that a guest was staying in Room 223 of the Super 8 Motel.

57. These Defendants deny that 15 John Does and 15 Jane Does responded to the Super 8 Motel as alleged in paragraph 57 of Plaintiff's Complaint. The allegations of paragraph 57 of Plaintiff's Complaint, as presently articulated, are denied. However, it is admitted that at approximately 3:00am on March 4, 2013, Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay were dispatched to the Super 8 Motel.

58. These Defendants admit that the occupant of the first room checked by Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay confirmed that he did not dial 9-1-1.

59. These Defendants admit that Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay left after confirming that the occupant of the first room they checked at the Super 8 Motel did not dial 9-1-1. The allegation that fifteen John Does and fifteen Jane Does were dispatched to the Super 8 Motel is denied.

60. These Defendants admit that at approximately 3:15am a 9-1-1 dispatcher called to inquire as to whether a guest was staying in another room.

61. These Defendants admit that a guest was staying in room 123.

62. These Defendants admit that Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay returned to the Super 8 Motel to check on a second room. The allegation that fifteen John Does and fifteen Jane Does returned to the Super 8 Motel is denied.

63. These Defendants admit that the occupants of the second room checked by Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay confirmed that they had not dialed 9-1-1.

64. These Defendants admit that Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay left the Super 8 Motel after confirming that the occupants of the second room had not dialed 9-1-1. The allegation that fifteen John Does and fifteen Jane Does left the Super 8 Motel is denied.

65. These Defendants have insufficient knowledge to admit or deny the allegations of paragraph 65 of Plaintiff's Complaint and demand strict proof thereof.

66. These Defendants have insufficient knowledge to admit or deny the allegations of paragraph 66 of Plaintiff's Complaint and demand strict proof thereof.

67. These Defendants admit that Linwood Lambert Jr. was present in Room 109 when Defendants Officers Clay and Mann arrived on scene to check Room 109.

68. These Defendants have insufficient knowledge to admit or deny the allegations of paragraph 68 of Plaintiff's Complaint and demand strict proof thereof.

69. These Defendants admit that Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay were on scene at the Super 8 Motel at approximately 4:45am.

70. The allegations of paragraph 70 of Plaintiff's Complaint are admitted.

71. The allegations of paragraph 71 of Plaintiff's Complaint are denied.

72. These Defendants admit that Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay determined that a mental health evaluation needed to be performed on Linwood Lambert Jr. at Halifax Regional Hospital because of the destruction observed by the officers to his hotel room, Linwood Lambert Jr.'s comments that he had murdered two people and hidden the bodies in the ceiling, and his demeanor and affect as personally observed by the officers.

73. These Defendants admit that Linwood Lambert Jr. complied with Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay's request that he be transported to Halifax Regional Hospital for evaluation. These Defendants admit that Linwood Lambert Jr. was transported to Halifax Regional Hospital for evaluation according to the usual procedure and policy of the Town of South Boston Police Department and that such transport was required because of Linwood Lambert Jr.'s behavior, his statements made to police and the condition of the room where the officers found him.

74. These Defendants admit that when Linwood Lambert Jr. left the Super 8 Motel at approximately 5:00am he was unarmed. Linwood Lambert Jr. was required by Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay to leave the premises of the Super 8 Motel because of the destruction observed by the officers to the hotel room, Linwood Lambert Jr.'s comments that he

had murdered two people and hidden the bodies in the ceiling, and his demeanor and affect as personally observed by the officers.

75. The allegations of paragraph 75 of Plaintiff's Complaint are denied.

76. These Defendants aver that the records referred to in paragraph 76 of Plaintiff's Complaint speak for themselves and do not require an answer of these Defendants. Further, these Defendants are without sufficient information to admit or deny the contents of such records.

77. These Defendants aver that the records referred to in paragraph 77 of Plaintiff's Complaint speak for themselves and do not require an answer of these Defendants. Further, these Defendants are without sufficient information to admit or deny the contents of such records.

78. These Defendants aver that the records referred to in paragraph 78 of Plaintiff's Complaint speak for themselves and do not require an answer of these Defendants. Further, these Defendants are without sufficient information to admit or deny the contents of such records.

79. These Defendants aver that the records referred to in paragraph 79 of Plaintiff's Complaint speak for themselves and do not require an answer of these Defendants. Further, these Defendants are without sufficient information to admit or deny the contents of such records.

80. These Defendants aver that the report referred to in paragraph 80 of Plaintiff's Complaint speaks for itself and dos not require an answer of these Defendants. Further, these Defendants are without sufficient information to admit or deny the contents of such report.

81. These Defendants aver that the report referred to in paragraph 81 of Plaintiff's Complaint speaks for itself and does not require an answer of these Defendants. Further, these Defendants are without sufficient information to admit or deny the contents of such report.

82. These Defendants aver that the report referred to in paragraph 82 of Plaintiff's Complaint speaks for itself and does not require an answer of these Defendants. Further, these Defendants are without sufficient information to admit or deny the contents of such report.

83. The allegations of paragraph 83 of Plaintiff's Complaint are denied.

84. It is admitted that Linwood Lambert Jr. was unarmed. The remaining allegations of paragraph 84 of Plaintiff's Complaint are denied. The allegation that fifteen John Does and fifteen Jane Does were involved in the events concerning Linwood Lambert Jr. is denied.

85. The allegations of paragraph 85 of Plaintiff's Complaint are denied.

86. It is admitted that Linwood Lambert Jr. was not observed with a weapon. The remaining allegations of paragraph 86 of Plaintiff's Complaint are denied. Further, these Defendants affirmatively deny that fifteen John Does and fifteen Jane Does were involved in the incident concerning Linwood Lambert Jr.

87. The allegations of paragraph 87 of Plaintiff's Complaint are denied.

88. The allegations of paragraph 88 of Plaintiff's Complaint are denied.

89. The allegations of paragraph 89 of Plaintiff's Complaint are denied. The allegations of paragraph 89 of Plaintiff's Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

90. These Defendants admit that a statement was issued and aver that the statement speaks for itself. See Exhibit A. The remaining allegations of paragraph 90 of Plaintiff's Complaint are denied.

91. These Defendants aver that the statement issued by Deputy Chief Lovelace referenced in paragraph 91 of Plaintiff's Complaint speaks for itself.

92. These Defendants aver that the statement referenced in paragraph 92 of Plaintiff's Complaint speaks for itself.

93. The allegations of paragraph 93 of Plaintiff's Complaint are denied. These Defendants further affirmatively state that the allegations of paragraph 93 of Plaintiff's Complaint are irrelevant to any issue properly before the court.

94. The allegations of paragraph 94 of Plaintiff's Complaint are denied.

95. The allegations of paragraph 95 of Plaintiff's Complaint are denied. These Defendants affirmatively state that these allegations were made without any supporting factual foundation and as such are frivolous allegations.

96. The allegations of paragraph 96 of Plaintiff's Complaint are denied.

97. The allegations of paragraph 97 of Plaintiff's Complaint are denied. These Defendants affirmatively state that these allegations were made without any supporting factual foundation and as such are frivolous allegations.

98. The allegations of paragraph 98 of Plaintiff's Complaint are denied.

99. These Defendants deny that any policies, procedures or practices of the South Boston Police Department were amended, changed, altered or modified as a result of the incident concerning Linwood Lambert Jr. The South Boston Police department routinely updates its policies and procedures in accordance with the best practices in law enforcement. It is specifically denied that Defendants Chief Binner, Deputy Chief Lovelace, the Town of South Boston or the South Boston Police Department acknowledged that their policies were insufficient. The remaining allegations of paragraph 99 of Plaintiff's Complaint are denied.

100.    The allegations of paragraph 100 of Plaintiff's Complaint are denied.

101.    The allegations of paragraph 101 of Plaintiff's Complaint are denied.

102.    The allegations of paragraph 102 of Plaintiff's Complaint are admitted except for the allegation concerning the number of sworn officers of the South Boston Police Department, which said allegation is denied.

103.    The allegations of paragraph 103 of Plaintiff's Complaint are denied. These Defendants affirmatively state that Defendants Chief Binner and Deputy Chief Lovelace, along with the Town of South Boston, are responsible for the actions of police officers when said actions are within

13

their scope of employment. These Defendants expressly deny that any officer committed any tortious act against Linwood Lambert Jr. and expressly deny that Linwood Lambert Jr. was murdered.

104.    These Defendants incorporate each and every answer set forth above.

105.    The allegations of paragraph 105 of Plaintiff's Complaint are denied.

106.    The allegations of paragraph 106 of Plaintiff's Complaint are denied.

107.    The allegations of paragraph 107 of Plaintiff's Complaint are denied.

108.    These Defendants incorporate each and every answer set forth above.

109.    The allegations of paragraph 109 of Plaintiff's Complaint are admitted.

110.    These Defendants deny that they are liable to Plaintiff under any theory and for any

sum.

111.    These Defendants incorporate each and every answer set forth above.

112.    The allegations of paragraph 112 of Plaintiff's Complaint are denied.

113.    The allegations of paragraph 113 of Plaintiff's Complaint are denied.

114.    The allegations of paragraph 114 of Plaintiff's Complaint are denied.

115.    These Defendants deny that they are liable to Plaintiff under any theory of recovery and for any sum.

116.    These Defendants incorporate each and every answer set forth above.

117.    These Defendants affirmatively allege that at all times their interaction with Linwood Lambert Jr. on May 4, 2013 was professional, and that their actions were those of reasonable law enforcement officers under the circumstances confronting them. All other allegations of paragraph 117 of Plaintiff's Complaint are denied.

118.    The allegations of paragraph 118 of Plaintiff's Complaint are denied.

119.    The allegations of paragraph 119 of Plaintiff's Complaint are denied.

14

120.     The allegations of paragraph 120 of Plaintiff's Complaint are denied. It is affirmatively alleged that Defendants Chief Binner, Deputy Chief Lovelace and the Town of South Boston ratified the actions of the officers in their dealings with Linwood Lambert Jr. on May 4, 2013.

121.     The allegations of paragraph 121 of Plaintiff's Complaint are denied.

122.     The allegations of paragraph 122 of Plaintiff's Complaint are denied.

123.     These Defendants incorporate each and every answer set forth above.

124.     The allegations of paragraph 124 of Plaintiff's Complaint are a legal conclusion and do not require an answer of these Defendants. Notwithstanding the foregoing, these Defendants deny that fifteen John Does and fifteen Jane Does served as sworn officers of the South Boston Police Department. Further, these Defendants affirmatively state that the allegations of paragraph 124 are irrelevant to any issue properly before the Court and do not reflect the circumstances surrounding the interaction with Linwood Lambert Jr. on May 4, 2013. Therefore, the allegations of paragraph 124 are denied.

125.     The allegations of paragraph 125 of Plaintiff's Complaint are denied.

126.     The allegations of paragraph 126 of Plaintiff's Complaint are denied.

127.     The allegations of paragraph 127 of Plaintiff's Complaint are denied.

128.     The allegations of paragraph 128 of Plaintiff's Complaint are denied.

129.     These Defendants incorporate each and every answer set forth above.

130.     The allegations of paragraph 130 of Plaintiff's Complaint are admitted, except as to the number of sworn officers of the South Boston Police Department, which said allegation is denied.

131.     The allegations of paragraph 131 of Plaintiff's Complaint are denied.

132.     The allegations of paragraph 132 of Plaintiff's Complaint are denied.

133.     The allegations of paragraph 133 of Plaintiff's Complaint are denied.

134. The allegations of paragraph 134 of Plaintiff's Complaint are denied. These Defendants did not alter, change, amend or modify any training as a result of the incident involving Linwood Lambert Jr. Any such change, if it occurred, was the result of the routine updating of the best practices in law enforcement by the South Boston Police Department.

135. The allegations of paragraph 135 of Plaintiff's Complaint are denied. The allegations of paragraph 135 of Plaintiff's Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

136. The allegations of paragraph 136 of Plaintiff's Complaint are denied. The allegations of paragraph 136 of Plaintiff's Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

137. The allegations of paragraph 137 of Plaintiff's Complaint are denied. The allegations of paragraph 137 of Plaintiff's Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

138. The allegations of paragraph 138 of Plaintiff's Complaint are denied. The allegations of paragraph 138 of Plaintiff's Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

139. The allegations of paragraph 139 of Plaintiff's Complaint are denied.

140. The allegations of paragraph 140 of Plaintiff's Complaint are denied. The allegations of paragraph 140 of Plaintiff's Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

141. The allegations of paragraph 141 of Plaintiff's Complaint are denied. The allegations of paragraph 141 of Plaintiff's Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

16

142.     The allegations of paragraph 142 of Plaintiff's Complaint are denied. These Defendants affirmatively state that Plaintiff has made no substantive allegation of willful misconduct or malice on the part of any of these Defendants, and as such the allegations of paragraph 142 of Plaintiff's Complaint are wholly lacking in foundation, are unreasonable and frivolous.

143.     The allegations of paragraph 143 of Plaintiff's Complaint are denied. Defendants affirmatively state that Plaintiff has made no substantive allegation of willful misconduct or malice on the party of any of these Defendants, and as such the allegations of paragraph 143 of Plaintiff's Complaint are wholly lacking in foundation, are unreasonable and frivolous.

144.     Defendants incorporate each and every answer set forth above.

145.     The allegations of paragraph 145 of Plaintiff's Complaint are denied. These Defendants affirmatively state that Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay did not know that Linwood Lambert Jr. required medical attention until after they had arrived at the jail.

146.     The allegations of paragraph 146 of Plaintiff's Complaint are denied.

147.     The allegations of paragraph 147 of Plaintiff's Complaint are denied.

148.     The allegations of paragraph 148 of Plaintiff's Complaint, as presently articulated, are denied.

149.     The allegations of paragraph 149 of Plaintiff's Complaint are denied.

150.     The allegations of paragraph 150 of Plaintiff's Complaint are denied.

151.     The allegations of paragraph 151 of Plaintiff's Complaint are denied.

152.     The allegations of paragraph 152 of Plaintiff's Complaint are denied.

153.     These Defendants incorporate each and every answer set forth above.

154.     The allegations of paragraph 154 of Plaintiff's Complaint are denied.

155.    The allegations of paragraph 155 of Plaintiff's Complaint are denied insofar as those
allegations imply that Plaintiff's decedent's rights were violated. These Defendants affirmatively
state that no Defendant violated Linwood Lambert Jr.'s constitutional rights.

156.    The allegations of paragraph 156 of Plaintiff's Complaint are denied.

157.    The allegations of paragraph 157 of Plaintiff's Complaint are denied.

158.    The allegations of paragraph 158 of Plaintiff's Complaint are denied.

159.    These Defendants incorporate each and every answer set forth above.

160.    The allegations of paragraph 160 of Plaintiff's Complaint are denied. On the same day
that this incident occurred, Defendants Chief Brinner and Deputy Chief Lovelace turned over to
the Virginia State Police the investigation concerning the Linwood Lambert Jr. matter. These
Defendants were therefore not "exclusively in the possession of" the documents referred to in
Paragraph 160 of Plaintiff's Complaint.

161.    The allegations of paragraph 161 of Plaintiff's Complaint are denied. The allegations of
paragraph 161 of Plaintiff's Complaint are wholly lacking in foundation and as such are
unreasonable and frivolous.

162.    The allegations of paragraph 162 of Plaintiff's Complaint are denied. The allegations of
paragraph 162 of Plaintiff's Complaint are wholly lacking in foundation and as such are
unreasonable and frivolous.

163.    The allegations of paragraph 163 of Plaintiff's Complaint are denied.

164.    These Defendants aver that the statement referred to in paragraph 164 of Plaintiff's
Complaint speaks for itself.

165.    The allegations of paragraph 165 of Plaintiff's Complaint are denied.

166.    The allegations of paragraph 166 of Plaintiff's Complaint are denied.

167.    The allegations of paragraph 167 of Plaintiff's Complaint are denied.

18

168.  The allegations of paragraph 168 of Plaintiff's Complaint are denied.

169.  These Defendants incorporate each and every answer set forth above.

170.  The allegations of paragraph 170 of Plaintiff's Complaint are denied.

171.  The allegations of paragraph 171 of Plaintiff's Complaint are denied.

172.  The allegations of paragraph 172 of Plaintiff's Complaint are denied.

173.  The allegations of paragraph 173 of Plaintiff's Complaint do not require an answer of

these Defendants.

174.  The allegations of paragraph 174 of Plaintiff's Complaint are denied.

175.  The allegations of paragraph 175 of Plaintiff's Complaint are denied.

## AFFIRMATIVE DEFENSES

1.  These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of Sovereign Immunity.

2.  These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of Qualified Immunity.

3.  These Defendants affirmatively allege that Plaintiff's claims are barred, in part, by the failure of Plaintiff to give proper statutory notice under Virginia Code §15.2-209.

4.  These Defendants affirmatively allege that Plaintiff's claims are barred, in part, by the doctrine of contributory negligence.

5.  These Defendants affirmatively assert that there is no good faith basis, nor any reasonable allegation made, nor any claim made upon which relief could be granted to support a request for injunctive relief.

6.  These Defendants affirmatively assert that there is no good faith basis, nor any reasonable allegation made, nor any claim made upon which relief could be granted to support a request

for punitive damages. These Defendants further affirmatively state that even if punitive damages may be awarded, that such damages are limited by Virginia Code §8.01-38.1.

7. These Defendants affirmatively state that Plaintiff's claims are, in part, frivolous and without any reasonable foundation or support in law or in fact, as articulated in Defendants' answers above. These Defendants affirmatively request that any such frivolous allegation be dismissed with prejudice, that Defendants be awarded their attorney's fees and costs with respect to any such frivolous allegation, and that the court enter an order sanctioning Plaintiff for filing any said frivolous allegation.

8. These Defendant South Boston Police Department affirmatively asserts that it is *non sui juris*, as such it cannot be sued, and is, therefore, not a proper party before this Court.

WHEREFORE, these Defendants pray that judgment be entered in their favor, that Plaintiff's Complaint be dismissed with prejudice, that Defendants be awarded their attorney's fees and costs, and provided whatever other relief the Court deems equitable and just.

## CHIEF OF POLICE, JAMES W. BINNER, COLONEL, ET AL.

By Counsel

COUNSEL:

s/ Michael A. Nicholas
James A. L. Daniel (VSB #03881)
Martha White Medley (VSB #21171)
Michael A. Nicholas (VSB #80749)
Counsel for Defendants
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P.O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Phone

(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com

## CERTIFICATE OF MAILING

I hereby certify that on the 27th day of May 2015, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the

following:

David M. Kopstein
Kopstein & Associates, LLC
9831 Greenbelt Road, Suite 205
Seabrook, MD 20706
*Counsel for Plaintiff*

s/ Michael A. Nicholas



# South Boston Police Department

*"Media Release"*



| | | | |
|---|---|---|---|
| Date of Release: | *May 4, 2013* | Time of Release: | *1:00 pm* |
| Officer Report By: | *Captain Brian K. Lovelace* | Phone: | *434-575-4273* |

## For Immediate Release

TITLE:   SUBJECT PASSESS AWAY IN POLICE CUSTODY

On May 4, 2013 at approximately 4:28am officers with the South Boston Police Department responded to the Super 8 Motel to a call about a disorderly subject who had done property damage. Officers initially transported the subject to the hospital for evaluation where he became combative at which point he was placed under arrest. Upon arrival at the Blue Ridge Regional Jail officers observed that the subject was suffering from a medical emergency. Rescue was called and transported the subject to Halifax Regional Hospital where he was pronounced dead. The Virginia State Police have been called in to conduct an investigation into the incident.



**EXHIBIT**

tabbies'

*A*