IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| GWENDOLYN SMALLS, as Administratrix of the Estate of Linwood Raymond Lambert, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:15-cv-00017 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| CHIEF OF POLICE JAMES W. BINNER, DEPUTY CHIEF OF POLICE BRIAN K. LOVELACE, TOWN OF SOUTH BOSTON, JOHN DOES 1–15, and JANE DOES 1–15, | ) ) ) ) ) | By: Hon. Jackson L. Kiser Senior United States District Judge |
| Defendants. | ) | |

Plaintiff brought suit against Defendants on April 29, 2015, and Defendant filed a Motion to Dismiss for Failure to State a Claim on May 27, 2015. [ECF No. 4.] The parties fully briefed the issues and argued the Motion in open court on August 3, 2015. For the reasons stated herein, I will grant Defendants' Motion to Dismiss, but grant Plaintiff leave to amend. I will also accept the amended Complaint Plaintiff filed with its Motion for Leave to Amend, and deny that motion as moot.

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**[1]

Plaintiff Gwendolyn Smalls ("Plaintiff") is a resident of Richmond, Va. Her brother was Linwood Raymond Lambert, Jr. ("Lambert"), who died on May 4, 2013. Plaintiff is the Administratrix of her brother's estate.

---

[1] The facts are taken from Plaintiff's Complaint [ECF No. 1]. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendants Chief of Police James Binner, Deputy Chief of Police Brian K. Lovelace, John Does 1–15, and Jane Does 1–15 were at all times relevant to this action duly appointed police officers in the town of South Boston, VA. The Town of South Boston is also named as a Defendant, and "[t]he South Boston Police Department is being sued for its own tortious acts and/or omissions and under the theory of respondeat superior." (Compl. ¶ 44 [ECF No. 1].)

On or about May 3, 2013, at approximately 11:00 p.m., Lambert checked into the Super 8 Motel in South Boston, VA. Sometime before 1:30 a.m., Diane Posey, the front desk clerk at the Super 8, received a call from the 9-1-1 dispatcher, asking her to confirm whether a guest was staying in Room 223; she did. At approximately 1:30 a.m., John Does 1–15 and Jane Does 1–15 arrived at the Super 8 to check Room 223. The occupants of the room confirmed that they did not call 9-1-1, and the officers left.

A little while later, Posey received a second call from the 9-1-1 dispatcher asking her to confirm whether a guest was staying in Room 123; Posey confirmed that there was. John Does 1–15 and Jane Does 1–15 returned to the motel, where the occupants of Room 123 confirmed that they did not call 9-1-1. John Does 1–15 and Jane Does 1–15 left again.

After the officers left the second time, Posey heard the sound of metal banging near Room 109. Posey knocked on the door and asked the guest to keep the noise down. Lambert was the guest in Room 109.

At approximately 4:30 a.m., Posey called the South Boston Police Department, and three officers (John Does 1–2 and Jane Doe 1) were dispatched to the Super 8. Lambert opened the door to his room and indicated to the officers that he was nervous about a blue truck that was present in the parking lot. The officers asked Lambert to leave the hotel with them, and Lambert voluntarily complied. When Lambert left the hotel at approximately 5:00 a.m., he was unarmed.

Lambert's whereabouts from 5:00 a.m. until 6:06 a.m. are unknown.

Lambert arrived at the hospital at 6:06 a.m. The records state that Lambert was brought in by the rescue squad "in full cardiac and respiratory arrest and intubated connected to auto pulse. Rescue states that downtime and CPR began at [5:28 a.m.]." (Id. ¶ 77.) The medical records further state that Lambert "was tazed by PD outside the ER doors earlier," and that he went into cardiac arrest "when he was in jail." (Id. ¶ 78–79.) Lambert's autopsy states that he "was tazed at distant contact range," that he became unresponsive in route to the hospital, and that "external examination revealed three punctures, suggestive of tazer barb sites, on the right and left flanks." (Id. ¶¶ 80–82.)

At the time he was accosted by John Does 1–15 and Jane Does 1–15, Lambert was unarmed and non-threatening. John Does 1–15 and Jane Does 1–15 did not observe Lambert commit any crime, and Lambert was not engaged in any criminal conduct at the time he came into contact with John Does 1–15 and Jane Does 1–15.

Plaintiff contends that John Does 1–15 and Jane Does 1–15, under the guise of conducting legitimate police activity on behalf of the Town of South Boston and the South Boston Police Department, tasered Lambert on multiple occasions and failed to release the trigger of the TASER, resulting in continuous electric shock to Lambert. As a result of their actions, Lambert died on May 4, 2013.

After Lambert's death, Defendants refused to provide Plaintiff with information concerning Lambert's death. Plaintiff also alleges that Defendants "deliberately sought to cover-up the facts and circumstances surrounding the murder of Linwood Lambert by creating the impression, through 'leaks' and press releases[,] that John Does 1–15 Police Officers and Jane Does 1–15 Police Officers were acting properly even though representations made by Chief of

Police, James W. Binner and/or Deputy Chief of Police Brian K. Lovelace in this regard were knowingly false and/or misleading." (Id. ¶ 89.) At a press conference following Lambert's death, Lovelace issued false statements and failed to mention that Lambert had been tased.

Plaintiff also alleges that Binner, Lovelace, the Town of South Boston, and the South Boston Police Department inadequately trained John Does 1–15 and Jane Does 1–15 on the use of TASERS, and that they knew or should have known that its officers were inadequately trained in this regard.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. DISCUSSION

Plaintiff's argument that Defendants' Motion to Dismiss ("the Motion") is procedurally barred because Defendants filed their Answer and Motion simultaneously is incorrect. "[S]hould the defendant file a Rule 12(b) motion simultaneously with the answer, the district court will view the motion as having preceded the answer and thus as having been interposed in timely fashion." 5C Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1361 (3d ed. 2004). Even if the order of filing did serve to bar consideration of a motion under Rule 12(b)(6), the court could convert the motion into a motion for judgment on the pleadings under Rule 12(c) without altering the standard of review applicable to the motion. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

Likewise, Plaintiff's argument that the lack of "failure to state a claim" in Defendants' affirmative defenses bars consideration of the motion is incorrect. "[U]nder Rule 12(h) the defense[] of . . . failure to state a claim upon which relief can be granted, Rule 12(b)(6), . . . [is] preserved from the waiver mechanism by the express terms of subdivision (h)." 5C Wright & Miller § 1361. "[D]efense[] under Rule[] . . . 12(b)(6) . . . [is] protected against waiver by Rules 12(h)(2) and 12(h)(3)." Id. The Motion may be considered at this stage.

Turning to the merits of the motion, there is only one disagreement among the parties. The remainder of Defendants' arguments in support of their Motion are conceded.[2]

The only dispute is whether Count IX raises a conspiracy claim under 42 U.S.C. § 1983 in addition to a conspiracy claim under § 1985. Count IX is silent on the basis for the conspiracy

---

[2] In her brief, Plaintiff conceded that her Complaint lacked a crucial element of conspiracy under 42 U.S.C. § 1985. See Simmons v. Poe, 47 F.3d 1370, 1376–77 (4th Cir. 1995). At oral argument, Plaintiff conceded that the Eighth Amendment has no applicability to Lambert's arrest, see Graham v. Connors, 490 U.S. 386, 393–94 (1989), and that the South Boston Police Department is *non sui juris* and is therefore incapable of being sued, see Thompson v. City of Danville, Va., Case No. 4:10cv00012, 2011 WL 2174536, at *4 (W.D. Va. June 3, 2011).

claim it asserts. Defendants are correct that the only helpful allegation in Plaintiff's 175-paragraph complaint is paragraph 16, wherein Plaintiff alleges that "the South Boston Police Department and the Town of South Boston, by and through its employees, including Chief of Police James W. Binner, Deputy Chief of Police Brian K. Lovelace *have conspired in violation of 42 U.S.C. § 1985* to cover up the deprivation of Linwood Lambert's civil rights and conceal the conduct of the unknown John Does 1–15 and Jane Does 1–15 Police Officers, the South Boston Police Department and the Town of South Boston by inappropriately withholding public information under the guise 'of an ongoing investigation'." (Compl. ¶ 16 (emphasis added).)

Here, Count IX (and the Complaint as a whole) falls short of the pleading requirement in Rule 8 that "the complaint sufficiently allege[] each element of the cause of action so as to inform the opposing party of the claim and its general basis." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005). A fair reading of the Complaint leads one to the conclusion that the conspiracy claim arises only under § 1985(3). The scattered, unadorned references to § 1983 are insufficient to put Defendants on notice that Count IX asserts *two* conspiracy claims. Reading the Complaint as a whole, the only allegation that could "inform the opposing party of the claim and its general basis" is paragraph 16, which alleges that the Defendants "conspired in violation of 42 U.S.C. § 1985 . . . ." (Compl. ¶ 16.) Thus, a claim for civil conspiracy under § 1983 is not alleged.

Even if the Complaint did allege that Count IX was stating a conspiracy claim under § 1983, however, it would still fail under the standards outlined in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that the defendants 'reached an understanding to violate [the plaintiff's] rights.'" Rowe v. City of Fort

Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988). Plaintiff's Complaint lacks any allegation that Defendants ever reached an agreement—either explicitly or tacitly—to violate Lambert's rights. See Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996).

Plaintiff argues that it can make the required showing through circumstantial evidence, but that misses the point. Although Plaintiff can make her required *showing* by circumstantial evidence, she cannot *plead* her claim by innuendo. Plaintiff has failed "to allege a meeting of the minds, a necessary element of a conspiracy . . . ." Smith v. McCarthy, 349 F. App'x 851, 858 (4th Cir. 2009) (per curiam) (unpublished). The allegations she does make are "wholly conclusory and devoid of sufficient allegation of a meeting of the minds." Id. Therefore, even if Count IX of Plaintiff's Complaint could be read as asserting a conspiracy to violate civil rights under 42 U.S.C. § 1983, Count IX would still fail to state a claim. Therefore, Count IX will be dismissed.

## IV. CONCLUSION

The parties agree that the Eighth Amendment has no applicability, that the South Boston Police Department is *non sui juris*, and that Plaintiff has failed to allege the elements of civil conspiracy under 42 U.S.C. § 1985(3). Because the Complaint does not allege a civil conspiracy under any other statute, Count IX will be dismissed. Even if Plaintiff *had* alleged a civil

conspiracy under 42 U.S.C. § 1983, the Complaint fails to allege a "meeting of the minds, a necessary element of conspiracy". Under either or both civil conspiracy claims, Count IX fails and must be dismissed.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 10th day of August, 2015.

                                                s/Jackson L. Kiser
                                               SENIOR UNITED STATES DISTRICT JUDGE