## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Danville Division

**GWENDOLYN SMALLS as Administratrix
of the Estate of LINWOOD RAYMOND
LAMBERT, JR., deceased
2846 Fairfield Avenue, Apt. #E
Richmond, Virginia 23223**

                              **Plaintiff,**

**v.**

**CHIEF OF POLICE, JAMES W. BINNER,
COLONEL,
Individually and in his official capacity
South Boston Police Department
640 Hamilton Blvd.
South Boston, Virginia 24592**

**and**

**DEPUTY CHIEF OF POLICE, BRIAN K.
LOVELACE,
Individually and in his official capacity
South Boston Police Department
640 Hamilton Blvd.
South Boston, Virginia 24592**

**and**

**TOWN OF SOUTH BOSTON,
455 Ferry Street
South Boston, Virginia 24592**

**and**

**CORPORAL, TIFFANY BRATTON,
Individually and in her official capacity as a
member of the South Boston Police
Department
640 Hamilton Blvd.
South Boston, Virginia 24592**

CASE NO.: <u>4:15CV00017</u>

AMENDED
COMPLAINT

**and**

**OFFICER, CLIFTON MANN,**
**Individually and in his official capacity as a**
**member of the South Boston Police**
**Department**
**640 Hamilton Blvd.**
**South Boston, Virginia 24592**

**and**

**OFFICER, TRAVIS CLAY,**
**Individually and in his official capacity as a**
**member of the South Boston Police**
**Department**
**640 Hamilton Blvd.**
**South Boston, Virginia 24592**

Defendants.

## COMPLAINT

Plaintiff, Gwendolyn Smalls, as Administratrix of the Estate of Linwood Raymond Lambert, Jr., Deceased (hereinafter "Linwood Lambert"), by and through her undersigned counsel, complains and requests relief against the Town of South Boston, Chief of Police, James W. Binner, Deputy Chief of Police Brian K. Lovelace, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, and in support thereof Plaintiff avers as follows:

## PRELIMINARY STATEMENT

1.      This is a case seeking damages from the Town of South Boston, Chief of Police, James W. Binner, Deputy Chief of Police Brian K. Lovelace, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay (the "Defendants") who were acting under the color of

state law pursuant to 42 U.S.C. § 1983 when they needlessly disregarded the safety and welfare of Linwood Lambert resulting in his death.

2.      During the early morning hours on May 4, 2013, an unarmed Lambert voluntarily agreed to go with the police officers to the Halifax Regional Hospital for treatment of an apparent medical/psychiatric condition.

3.      After arriving at Halifax Regional Hospital, instead of bringing him inside of the hospital for necessary medical treatment, the police officers "tasered" Lambert "outside the ER doors."

4.      Though it was apparent to Defendants that Lambert required emergency medical treatment, they ignored his condition, tasered Lambert multiple times and left the hospital grounds with him.

5.      After leaving the steps of the hospital, between approximately 5:00 a.m. until 6:06 a.m., Mr. Lambert's whereabouts are unknown.

6.      What is known, however, is that after leaving the hospital without receiving any medical treatment, Linwood Lambert suffered cardiac arrest, forcing the police officers to return to the hospital just one hour later.

7.      During that time, while Defendants were depriving him of necessary medical treatment, Lambert suffered cardiac arrest and death in violation of his rights guaranteed by the Fourteenth Amendments to the United States Constitution.

8.      The Defendants and their agents and employees' deliberate indifference to the health, welfare and safety of Lambert constitutes a serious violation of his constitutional rights.

9.     Though he needed critical medical treatment, Defendants unnecessarily and wantonly inflicted pain on Lambert and knowingly and willingly disregarded an objectively intolerable risk of harm.

10.     The Defendants' misconduct, done under the color of state law, as described below, was recklessly and deliberately indifferent to the life, safety, bodily integrity, well-being, liberty and civil rights of Linwood Lambert.

11.     The Defendants' callous disregard for Linwood Lambert, in tasering him multiple times and depriving him of the desperate medical care he needed, violated his constitutional rights and constituted a deprivation of his substantive and procedural due process rights guaranteed by the Fourteenth Amendment, and as remediable pursuant to 42 U.S.C. §1983.

12.     The Defendants' actions were so egregious as to shock the conscience and were committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to Linwood Lambert.

13.     Plaintiff Gwendolyn Smalls, as Administratrix of the Estate of Linwood Lambert, seeks damages from the Defendants and their agents/employees pursuant to 42 U.S.C. § 1983 for their disregard of Lambert's health, welfare, and safety guaranteed by the United States Constitution.

14.     This is a civil rights action for money damages brought under 42 U.S.C. §§ 1983, 1985, and 1988, the Fourth and Fourteenth Amendments to the United States Constitution and raising supplemental state law claims concerning the actions of the Town of South Boston, Chief of Police, James W. Binner, Deputy Chief of Police Brian K. Lovelace, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay in unlawfully arresting, maliciously prosecuting, and using excessive, unreasonable, and deadly force against Linwood Lambert.

15.     Prior to the institution of this lawsuit, Plaintiff sent multiple written requests to the South Boston Police Department seeking the release of the police report and other investigative materials that are exclusively in the possession of the South Boston Police Department and/or the Town of South Boston.

16.     Despite Plaintiff's requests, the South Boston Police Department and the Town of South Boston, by and through its employees, including Chief of Police James W. Binner, Deputy Chief of Police Brian K. Lovelace have conspired in violation of 42 U.S.C. §1985 to cover up the deprivation of Linwood Lambert's civil rights and conceal the conduct of Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, Police Officers, the South Boston Police Department and the Town of South Boston by inappropriately withholding public information under the guise "of an ongoing investigation".

17.     As set forth above, the Town of South Boston, by and through, the employees of the South Boston Police Department, including Chief of Police, James W. Binner and Deputy Chief of Police, Brian K. Lovelace, have refused to supply Plaintiff with the police report and other investigative materials related to the subject incident and the investigation conducted in connection therewith.

18.     The refusal to supply information to Plaintiff constitutes a conspiracy to cover up the violations of Plaintiff decedent's Fourth and Fourteenth Amendment Civil Rights and that this conspiracy was a result of the policies and customs of the Town of South Boston and the South Boston Police Department.

19.     Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay unlawfully seized and arrested Plaintiff's decedent and used excessive, unreasonable and deadly force against Plaintiff's decedent in furtherance of their malicious prosecution of him.

20.    Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay shot and electrocuted Plaintiff's decedent with their TASER weapons on multiple occasions in front of a hospital.

21.    Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay unlawfully, intentionally and maliciously denied him medical attention despite actual and/or constructive knowledge that Plaintiff's decedent required immediate medical attention after being injured by Defendants' TASER weapons.

22.    Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay conspired to cover up the violations of Plaintiff decedent's Fourth and Fourteenth Amendment civil rights and conspired to deny Plaintiff's decedent timely medical attention which ultimately resulted in his unnecessary and untimely death.

23.    The actions and conduct of Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay are the result of the policies, practices, customs and/or deliberate indifference on the part of Defendants the Town of South Boston, South Boston Police Department, Chief of Police, James W. Binner and Deputy Chief of Police, Brian K. Lovelace.

24.    The Town of South Boston, the South Boston Police Department, Chief of Police James W. Binner, Deputy Chief of Police, Brian K. Lovelace, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay violated federal law, including the United States Constitution because Defendants, individually and/or collectively were on notice of a consensus of other cases involving hundreds of deaths caused in the United States of America by the unlawful, excessive, and gratuitous use of TASER weapons by police officers.

25.    The instant action is brought against all Defendants identified herein for committing acts under color of law which deprived Linwood Lambert of rights secured under the

Constitution and laws of the United States and the Constitution and laws of the Commonwealth of Virginia.

## STATEMENT OF JURISDICTION

26.     The Court has federal subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1988 and arise under the laws of the United States.

27.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's additional claims under state law because Plaintiff's state law claims relate to Plaintiff's federal law claims, arise out of a common nucleus of operative facts, and form part of the same case

28.     Venue is proper in the Danville Division of the Western District of Virginia because Plaintiff's claims arise primarily from unlawful conduct occurring in South Boston, Halifax County, Virginia.

## PARTIES

29.     Plaintiff, Gwendolyn Smalls, is an adult individual residing at 2846 Fairfield Avenue, Apt #E, Richmond, Virginia 23223.

30.     Plaintiff is the sister of Plaintiff's decedent, Linwood Raymond Lambert, Jr.

31.     Linwood Lambert was born on March 4, 1967 and died on May 4, 2013.

32.     Ms. Gwendolyn Small was appointed Administratrix of the Estate of Linwood Raymond Lambert, Jr. by the Clerk's Office for the Circuit Court of the City of Richmond on June 5, 2013. *See* Exhibit A.

33.     Ms. Smalls has standing to bring the instant action on behalf of the Estate of Linwood Raymond Lambert, Jr.

34.     Defendants, Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, were at all times relevant to this complaint, duly appointed and acting as officers of the South Boston Police Department, acting under the color of law and under the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Virginia, Town of South Boston, and/or Halifax County.

35.     Defendants, Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay are being sued in their individual and official capacities.

36.     At all times relevant hereto, Defendants, Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay were acting within the course and scope of their employment with the South Boston Police Department.

37.     At all times relevant hereto, Chief of Police, James W. Binner and Deputy Chief of Police Brian K. Lovelace had responsibility over the policies, procedures, practices, and training of the police officers under the employ of the South Boston Police Department, including Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay.

38.     At all times relevant hereto, Chief of Police, James W. Binner and Deputy Chief of Police, Brian K. Lovelace were responsible for the day to day operation of the South Boston Police Department, including the hiring, supervising, retaining, disciplining, and terminating police officers under the employ of the South Boston Police Department, including Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay.

39.     At all times relevant hereto, the unconstitutional acts of Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay were the result of the policies, practices, customs, and/or procedures of the South Boston Police Department and/or the Town of South Boston which were implemented, overseen, approved, ratified, and/or controlled by Chief of Police, James W. Binner and/or Deputy Chief of Police, Brian K. Lovelace.

40.     The Town of South Boston is a local governing body that operates, manages, controls, and/or is otherwise responsible for the South Boston Police Department, including the employment, supervision, and retention of Chief of Police, James W. Binner, Deputy Chief of Police Brian K. Lovelace, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay.

41.     Defendant the Town of South Boston fully funds and maintains the South Boston Police Department which operates under and administers a set of law enforcement policies, practices, and customs involving the hiring, training, supervision, retention, and termination of its officers, employees, agents, servants, and ostensible agents, including but not limited to Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay.

42.     These policies, practices, and customs include training in the use of force, on-the-street encounters with civilians, TASER training, TASER re-certification, firearm training, community policing, defensive tactics, drug enforcement, officer survival, and medical training.

43.     The Town of South Boston is being sued for its own tortious acts and/or omissions and under the theory of respondeat superior.

44.     These policies, procedures, practices, and protocols include written directives that are created, implemented, drafted, revised, ratified and/or approved by Defendants, Chief of

Police James W. Binner and Deputy Chief of Police, Brian K. Lovelace, and include written directive "112 Adm-Use of Force."

## **THE FACTS**

45.     TASER weapons have been responsible for hundreds of deaths when used by law enforcement.

46.     Defendants, individually and/or collectively, knew or should have known that TASER weapons have the unique potential to be excessively used against citizens during the course of law enforcement activities.

47.      If the operator is incorrectly trained and/or wishes to excessively use the weapon, TASER weapons can administer an uninterrupted shock of 50,000 volts.

48.     TASER weapons are designed to override the subject's central nervous system, causing uncontrollable muscle contraction of muscle tissue and instant collapse.

49.     TASER weapons are known to cause serious injury and/or death.

50.     Individuals that are under the influence of alcohol or drugs, exhausted, and/or overexerted are more likely to suffer serious injury and/or death when shot by a TASER weapon.

51.     Application of TASER weapons can result in serious injury and death, including cardiac arrest, ventricular fibrillation, and a decrease in respiration.

52.     Prior to May 3, 2013, Defendants, individually and/or collectively, knew or should have known about the risk of serious harm or death caused by the use of TASER weapons.

53.     On or about May 3, 2013, at approximately 11:00 p.m., Linwood Lambert checked into the Super 8 Motel in South Boston, VA.

54. Sometime before 1:30 a.m. on May 4, 2013, Diane Posey, the nightshift front desk clerk at the Super 8 Motel, received a call from a 911 dispatcher, who asked her to confirm whether a guest was staying in Room 223.

55. Ms. Posey confirmed that a guest was staying in this room.

56. At approximately 1:30 a.m., Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay from the South Boston Police arrived at the Super 8 Motel to check Room 223.

57. The occupants of Room 223 confirmed that they did not dial 911.

58. Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay then leave.

59. Sometime after 1:30 a.m., Ms. Posey received a second telephone call from a 911 dispatcher asking her to confirm whether a guest was staying in Room 123.

60. Ms. Posey confirmed that a guest was staying in this room.

61. Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay then return to the Super 8 Motel.

62. The occupants of Room 123 confirm that they did not dial 911.

63. Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay leave again.

64. After Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay left for the second time, Ms. Posey recalls hearing the sound of metal banging on metal near beyond the laundry room near Room 109.

65. Ms. Posey knocked on the door and requested that the guest keep the noise down.

66. Plaintiff's decedent, Linwood Lambert was the guest registered to Room 109.

67.     At approximately 4:30 a.m. Ms. Posey telephoned the South Boston Police Department.

68.     Approximately three (3) police officers, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay arrived at the scene.

69.     Linwood Lambert opened the door to his room.

70.     Linwood Lambert indicated to the police officers that he was nervous about a blue truck that was present in the parking lot.

71.     Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay requested that Linwood Lambert leave the hotel with them.

72.     Linwood Lambert complied with the request and voluntarily left the hotel with the police officers.

73.     Upon information and belief, at approximately 5:00 a.m. Linwood Lambert left the premises of the Super 8 Motel and at the time he left voluntarily and was unarmed.

74.     Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay transported Lambert, who was unarmed, to Halifax Regional Hospital for medical attention to address an apparent medical/psychological condition.

75.     When they arrived at the hospital, Mr. Lambert was handcuffed. Corporal Bratton and another officer (either Mann or Clay) tased Mr. Lambert in front of the emergency room doors.

76.     The tasering exposed Mr. Lambert to approximately 100,000 volts of electricity per second.

77.     After tasering Mr. Lambert, the officers drug Mr. Lambert across the hospital parking lot and threw him in a police cruiser.

78. Mr. Lambert remained in the hospital parking lot, confined in the police cruiser for approximately fifteen (15) minutes.

79. The officers then proceeded to take Mr. Lambert to jail. Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay failed to obtain medical attention for Mr. Lambert despite being at the hospital entrance, just feet from the medical attention Mr. Lambert needed.

80. Mr. Lambert returned to the hospital in the back of an ambulance approximately forty (40) minutes later. When he arrived at the hospital, he was unresponsive.

81. He was pronounced dead minutes later.

82. Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay then proceeded to detain Mr. Lambert in the parking lot for approximately fifteen (15) minutes despite actual and/or constructive notice that Mr. Lambert was in physical distress.

83. Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay then proceeded to take Mr. Lambert to jail without permitting him to receive the medical attention he desperately needed.

84. According to records from Halifax Regional Hospital, Mr. Lambert arrived at the hospital at 6:06 a.m.

85. The records state that Mr. Lambert was brought by rescue "in full cardiac and respiratory arrest and intubated connected to auto pulse. Rescue states that downtime and CPR began at 0528 [5:28 a.m.].

86. The medical records further state that Linwood Lambert "was tazed by PD outside the ER doors earlier."

87. The medical records further state that Linwood Lambert went into cardiac arrest "when he was in jail."

88. The autopsy report contains a second version of the events and states that Linwood Lambert "was tazed at distant contact range."

89. The autopsy report further states that Linwood Lambert became unresponsive in route to Halifax Regional Hospital.

90. The autopsy report further states that "external examination revealed three punctures, suggestive of tazer barb sites, on the right and left flanks."

91. The existence of three punctures indicates that the police tasered Linwood Lambert multiple times.

92. Surveillance video from the hospital, the officers weapon logs and their statements confirm that Mr. Lambert was tased multiple times.

93. Linwood Lambert was unarmed and non-threatening at the time he was accosted by Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay who set into motion events and actions which lead to the death of Linwood Lambert.

94. Linwood Lambert was not observed to have committed any crime by Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay and was not engaged in any criminal conduct at the time that he came into contact with Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay.

95. Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, without justification, and under the guise of conducting legitimate police activity on behalf of Defendants the Town of South Boston and the South Boston Police Department, and without ever having observed Linwood Lambert with a weapon, nor making a threatening move against

any police officer on the scene, tasered Linwood Lambert on multiple occasions and/or failed to release the trigger of the subject TASER resulting in continuous electric shock to Linwood Lambert.

96. Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay's use of force was unlawful and unwarranted because Linwood Lambert was not fleeing from the commission of the crime or attempting to evade a lawful arrest.

97. As a result of Defendants' unlawful and unconstitutional acts and/or omissions, Linwood Lambert died.

98. Shortly after the death of Linwood Lambert, through a consistent pattern and practice of condoning its police officers' pervasive misconduct and abuse of authority, Defendants Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, and the South Boston Police Department deliberately sought to cover-up the facts and circumstances surrounding the murder of Linwood Lambert by creating the impression, through "leaks" and press releases that Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay were acting properly even though representations made by Chief of Police, James W. Binner and/or Deputy Chief of Police Brian K. Lovelace in this regard were knowingly false and/or misleading.

99. Following Linwood Lambert's death, Defendant Deputy Chief Brian K. Lovelace (then Capt. Lovelace) held a press conference and/or issued a statement containing false and/or misleading information.

100. Deputy Chief Lovelace never mentioned that Linwood Lambert was tased.

101. In his statement, Deputy Chief Lovelace commented to the press "that Lambert died after being taken into police custody for being disorderly and causing property damage at the Super 8 Motel in Riverdale."

102. The misleading and/or false statement that Linwood Lambert did not experience a medical emergency until he reached the Blue Ridge Regional Jail and in the press release Chief Lovelace provided false and misleading information to the public by failing to confirm that a TASER weapon was used on Linwood Lambert despite knowledge that Linwood Lambert was tased on at least one occasion outside of hospital before being transported to the Blue Ridge Regional Jail.

103. The false and/or misleading statements made by Deputy Chief Lovelace were made in an attempt to justify the indefensible actions of Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, all while knowing that such representations and details were false or misleading.

104. Defendants, Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, and the South Boston Police Department, knew or should have known, that its police officers, including Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, routinely violate the civil rights of persons in all walks of life by using TASER guns, including the gratuitous and excessive use of TASER weapons.

105. Defendants have failed to take any steps to have its police officers appropriately trained and supervised.

106. It is believed, and, therefore, averred that Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay had a history of excessive and gratuitous use of their TASER weapons.

107. It is believed, and, therefore, averred that Defendants Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, and the South Boston Police Department knew or should have known that its police officers were inadequately and/or inappropriately trained in proper police procedures, practices, and protocols, including the use of TASER weapons.

108. After the death of Linwood Lambert, Defendants Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, and the South Boston Police Department acknowledged that the policies, procedures, and practices related to the use and training of TASER weapons were insufficient and said policies, procedures, and practices were amended, changed, altered, and/or modified.

109. Defendants, Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, and the South Boston Police Department routinely allow their improperly and inadequately trained police officers to use TASER weapons without proper training.

110. Defendants, Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, and the South Boston Police Department failed to train police officers, including Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay in procedures concerning multiple taserings of an individual.

111. At all times relevant hereto, Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay were acting under color of law and within the scope of their employment as a duly appointed law enforcement officer of the Town of South Boston.

112. At all times relevant hereto, Defendants Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, and the South Boston

Police Department were responsible for the tortious acts and omissions of Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay and were further responsible for the hiring, training, supervision, monitoring and disciplining of the police officers involved in the murder of Linwood Lambert.

## COUNT I
## DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. §§ 1983, 1985, 1989
## AND THE FOURTH AND FOURTEENTH AMENDMENTS
## OF THE UNITED STATES CONSTITUTION

### PLAINTIFF V. ALL DEFENDANTS

113.    Plaintiff incorporates by reference each and every allegation set forth above.

114.    For the reasons set forth herein, Plaintiffs allege that Defendants, intentionally, willfully, recklessly, and/or otherwise deprived Linwood Lambert of his civil rights in violation of 42 U.S.C. §§ 1983, 1985, 1989 and the United States Constitution.

115.    The unconstitutional actions of Defendants, include but are not limited to the use of excessive and/or unreasonable force, the deprivation of medical care, the deprivation of Linwood Lambert's life and physical liberty, express polices in the South Boston Police Department which permitted and/or approved the deprivation of Linwood Lambert's civil rights, conspiracy to deprive Linwood Lambert of his civil rights and the intentional infliction of emotional distress which were caused by the unreasonable seizure of Linwood Lambert without affording him due process of law.

116.    As a direct result of the unlawful and unreasonable constitutional violations committed by Defendants, Linwood Lambert was subjected to the ultimate deprivation of his civil liberties, his loss of life.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount in compensatory and punitive damages, plus attorney's fees, interest and costs.

### COUNT II
### SURVIVAL ACTION

### PLAINTIFF V. ALL DEFENDANTS

117.    Plaintiff incorporates by reference herein each and every allegation set forth above.

118.    Pursuant to Virginia Code § 8.01-25, Plaintiff's decedent, Linwood Lambert's right of action and the claims against the Defendants named herein survives in favor of Gwendolyn Smalls, the legal representative of the deceased.

119.    Plaintiff demands all damages recoverable under the Act, including damages for funeral and medical expenses and conscious pain and suffering as well as any other damages recoverable under the Act.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount in compensatory and punitive damages, plus attorney's fees, interest and costs.

### COUNT III
### WRONGFUL DEATH

### PLAINTIFF V. ALL DEFENDANTS

120.    Plaintiff incorporates by reference herein each and every allegation set forth above.

121.    Pursuant to Virginia Code § 8.01-25, Plaintiff's claims also are actionable under Virginia Wrongful Death Act.

122.    As a direct, substantial, and proximate result of the tortious acts and/or omissions of Defendants and/or the employees, agents, representatives, who were acting during the course and within the scope of their employment, the Plaintiff and Plaintiff's decedent expended sums of money for medical, hospital and funeral expenses to their great financial loss and detriment.

123.    As a direct, substantial, and proximate result of the tortious acts and/or omissions of Defendants and/or the employees, agents, representatives, who were acting during the course and within the scope of their employment, Plaintiff has suffered sorrow, mental anguish, and solace, including a loss of society, companionship, comfort, guidance and support and has been deprived of Linwood Lambert's financial support, the pecuniary value of Linwood Lambert's services, protection, care and assistance, and will continue to be deprived of decedent's support, earnings and services in the future, all to its great financial loss and detriment.

124.    Plaintiff hereby demands all damages recoverable under the Wrongful Death Statute.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount in compensatory and punitive damages, plus attorney's fees, interest and costs.

## COUNT IV
## EXCESSIVE FORCE/POLICE BRUTALITY

### PLAINTIFF V. ALL DEFENDANTS

125.    Plaintiff incorporates by reference each and every allegation set forth above.

126.    At all times relevant hereto, Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay had an obligation to employ only reasonable measure in their interaction and treatment of Linwood Lambert.

127. Notwithstanding said obligations, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay used excessive, unreasonable, and lethal force on Plaintiff's decedent, Linwood Lambert.

128. It is believed, and, therefore, averred that the use of force was not warranted or authorized under the circumstances.

129. Defendants, Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, and the South Boston Police Department, acting under the color of law, approved, condoned, and/or ratified the actions of Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, therefore, any and all liability on the part of any of the Defendant Police Officers is imputed to them.

130. As a direct, substantial and proximate result of the intentional, willful, malicious and/or otherwise tortious conduct of Defendants Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, the South Boston Police Department, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, Plaintiff's decedent, Linwood Lambert suffered serious and permanent injuries that resulted in his death.

131. As a direct, substantial and proximate result of the intentional, willful, malicious and/or otherwise tortious conduct of, the Defendants Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, the South Boston Police Department, Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, Linwood Lambert was deprived of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount in compensatory and punitive damages, plus attorney's fees, interest and costs.

## COUNT V
## ASSAULT AND BATTERY

## PLAINTIFF V. DEFENDANTS, CORPORAL, TIFFANY BRATTON, OFFICER, CLIFTON MANN AND OFFICER, TRAVIS CLAY

132.     Plaintiff incorporates by reference each and every allegation set forth above.

133.     Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay are not permitted to inappropriately touch Plaintiff's decedent or place him in fear of imminent touching.

134.     The Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay without proper ground, willfully, maliciously, and gratuitously tasered Plaintiff's decedent, Linwood Lambert multiple times.

135.     The actions of Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay lacked a legitimate and/or reasonable basis.

136.     Each of the wounds inflicted on Plaintiff's decedent was inflicted without justification by Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay and without Plaintiff's decedent presenting any immediate threat to Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay or the public at large.

137.     As a direct, substantial and proximate result of the intentional, willful, malicious and/or otherwise tortious conduct of Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, Plaintiff's decedent, Linwood Lambert suffered serious and permanent injuries that resulted in his death.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount in compensatory and punitive damages, plus attorney's fees, interest and costs.

**COUNT VI**
**UNCONSTITUTIONAL/INADEQUATE POLICIES,**
**TRAINING, AND PROCEDURES - 42 U.S.C. § 1983**

**PLAINTIFF V. DEFENDANTS, CHIEF OF POLICE JAMES W. BINNER,**
**DEPUTY POLICE CHIEF BRIAN K. LOVELACE, THE TOWN OF SOUTH BOSTON**
**AND THE SOUTH BOSTON POLICE DEPARTMENT**

138.    Plaintiff incorporates by reference each and every allegation set forth above.

139.    At all times relevant herein, Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay were acting under the direction and control, and pursuant to the official rules, regulations, policies and procedures of Defendants the Town of South Boston and the South Boston Police Department and its Chief of Police, James W. Binner and Deputy Chief of Police, Brian K. Lovelace.

140.    Defendants, the Town of South Boston, the South Boston Police Department, Chief of Police, James W. Binner and Deputy Chief of Police, Brian K. Lovelace acted recklessly and with deliberate indifference to the safety of the public at large, including Plaintiff's decedent, Linwood Lambert, by failing to properly train, supervise, control, direct, and monitor Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay.

141.    Defendants acted under the color of official policies, regulations, ordinances, policies and/or procedures which caused Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay to violate Linwood Lambert's civil rights.

142.    The enforcement of the official policies by Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay caused the deprivation of Linwood Lambert's civil rights.

143. Following the death of Linwood Lambert, Defendants altered, changed, amended, and/or modified the training administered to South Boston police officers regarding the use of TASER weapons.

144. Defendants knew or should have known that Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay had known propensities for engaging in the unreasonable police conduct and using inappropriate and/or excessive force during the course of police work.

145. Defendants knew or should have known that South Boston police officers engaged in unreasonable police conduct and unconstitutional police, including the use of excessive force and deprivation of medical attention in a pervasive, well-settled and permanent manner so as to constitute the force of law.

146. It is believed and, therefore, averred that Defendants ignored and/or failed to respond to prior incidents involving the deprivation of civil rights that are identified herein, and that Defendants actions and/or inactions encouraged, authorized, and/or ratified the unconstitutional conduct.

147. Defendants, Chief of Police James W. Binner, Deputy Police Chief, Brian K. Lovelace and/or other municipal officials of the Town of South Boston ratified the unconstitutional conduct of Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay.

148. Had Defendants conducted a reasonable investigation the aforementioned propensities would have bene discovered and because of the nature of police work, Defendants knew or should have known that the propensities of Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay posed the risk of injury, including serious injury and death to others.

149.    Defendants further knew or should have known that Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay were a threat to public at large and likely to harm citizens of the Commonwealth of Virginia, including Linwood Lambert.

150.    Despite this knowledge, Defendants choose to hire and retain Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay.

151.    As a direct, substantial and proximate result of the reckless, willful, malicious and/or otherwise tortious conduct of Defendants Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, the South Boston Police Department, Plaintiff's decedent, Linwood Lambert was wrongfully and unlawfully tasered on multiple occasions by Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay.

152.    As a direct, substantial and proximate result of the reckless, willful, malicious and/or otherwise tortious conduct of Defendants Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, the South Boston Police Department, Plaintiff's decedent, Linwood Lambert was wrongfully and unlawfully deprived of his civil rights which were afforded to him under the United States Constitution.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount in compensatory and punitive damages, plus attorney's fees, interest and costs.

### COUNT VII
### DENIAL OF MEDICAL ATTENTION

### PLAINTIFF V. DEFENDANTS, CORPORAL, TIFFANY BRATTON, OFFICER, CLIFTON MANN AND OFFICER, TRAVIS CLAY AND THE TOWN OF SOUTH BOSTON

153.    Plaintiff incorporates by reference each and every allegation set forth above.

154. Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay and the Town of South Boston deliberately denied Plaintiff medical attention, even though Defendants knew that Plaintiff required medical attention at the time Defendants first came into contact with Linwood Lambert

155. After tasering Linwood Lambert in front of the Halifax Regional Hospital, Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay and the Town of South Boston knew or should have known that Linwood Lambert was in need of immediate medical attention.

156. Defendants had the opportunity to provide Linwood Lambert immediate medical attention, yet Defendants knowingly, willingly, intentionally, and with reckless indifference for the civil rights, health, and safety of Linwood Lambert transported Linwood Lambert to jail which resulted in his injuries and unnecessary death.

157. Defendants owed Plaintiff an obligation to not violate his constitutional rights, including the deprivation of medical attention.

158. Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay and the Town of South Boston disregarded their obligation and deliberately denied Plaintiff medical attention, even though Defendants caused Plaintiff's injuries.

159. Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay and The Town of South Boston deliberately denied Plaintiff medical attention, even though Defendants knew Plaintiff was injured.

160. As a direct, substantial and proximate result of the intentional, willful, malicious and/or otherwise tortious conduct of, the Town of South Boston and Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, Linwood Lambert was denied medical attention

in violation of his constitutional rights under the Fourteenth Amendment to the United States Constitution.

161. As a direct, substantial, and proximate cause of the aforementioned constitutional violations, Linwood Lambert died.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount in compensatory and punitive damages, plus attorney's fees, interest and costs.

**COUNT VIII**
**FALSE ARREST**

**PLAINTIFF V. DEFENDANTS, CORPORAL, TIFFANY BRATTON, OFFICER CLIFTON MANN AND OFFICER TRAVIS CLAY**

162. Plaintiff incorporates by reference each and every allegation set forth above.

163. Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay arrested Plaintiff's decedent without a warrant and without probable cause.

164. Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay were not permitted to violate Linwood Lambert's constitutional rights.

165. Defendants, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay violated Linwood Lambert's constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution by unlawfully depriving Linwood Lambert of his physical liberty.

166. As a direct, substantial, and proximate result of the intentional, reckless, willful, malicious and/or otherwise tortious conduct of, Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, Linwood Lambert was deprived of his physical liberty in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

167.   As a direct, substantial, and proximate cause of the aforementioned constitutional violations, Linwood Lambert died.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount in compensatory and punitive damages, plus attorney's fees, interest and costs.

**COUNT IX**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS 42 U.S.C. §§ 1983 and 1985**

**PLAINTIFF V. ALL DEFENDANTS**

168.   Plaintiff incorporates by reference each and every allegation set forth above.

169.   Corporal, Tiffany Bratton, Officer Clifton Mann, Officer Travis Clay, Chief of Police, James W. Binner and Deputy Chief of Police, Brian K. Lovelace acted jointly and in concert to deprive Plaintiff's decedent Linwood Lambert of his civil rights.

170.   Here, Defendants performed overt acts i.e., tasering Mr. Lambert, depriving him of medical attention, and covering up the aforementioned conduct.

171.   The aforementioned actions were carried out in furtherance of the conspiracy.

172.   Linwood Lambert was an African American man.

173.   It is believed and, therefore averred, that the use of excessive force against Linwood Lambert, the deprivation of medical care, and the cover up that followed was motivated by class based animus arising from the fact that Linwood Lambert was African American.

174.   It is believed and, therefore averred that the policies and customs of the Town of South Boston police department condoned, accepted and/or promoted the use of excessive force and/or the deprivation of a citizen's civil rights based upon race based animus, especially toward African American citizens.

175. Defendants' conduct resulted in the deprivation of Linwood Lambert's constitutional rights which are set forth above.

176. The unlawful actions of Defendants were the result an actual and/or tacit plan formulated by a mutual understanding to try and accomplish a common and unlawful plan.

177. It is believe, and, therefore averred that Defendants knew or should have known of the conspiracy's purpose and each Defendant participated in the conspiracy in some fashion.

178. Prior to the institution of this lawsuit, Plaintiff sent multiple written requests to the South Boston Police Department which sought the release of the police report and other investigative materials that are exclusively in the possession of the South Boston Police Department and/or the Town of South Boston.

179. The joint and concerted actions of Corporal Tiffany Bratton, Officer Clifton Mann and Officer Travis Clay directly and/or indirectly were carried out for the purpose of denying Linwood Lambert the equal protection of his civil rights.

180. Defendants, Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, the South Boston Police Department knew or should have known that its police officers, Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay routinely violate the civil rights of persons in all walks of life by using TASER weapons, including the gratuitous and excessive use of TASER weapons, Defendants have failed to take any steps to have its police officers appropriately trained and supervised.

181. As set forth above, the Town of South Boston, by and through, the South Boston Police Department has refused to supply Plaintiff with the police report and other investigative materials surrounding the subject incident and the investigation conducted in connection therewith. It is alleged that this refusal to supply information to Plaintiff is a conspiracy to cover

up the violations of Plaintiff decedent's Fourth and Fourteenth Amendment Civil Rights and that said conspiracy was a result of the policies and customs of the Town of South Boston and the South Boston Police Department.

182. As a direct, substantial, and proximate result of the reckless, malicious and intentional conduct of Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, Linwood Lambert suffered severe pain, emotional distress, and mental anguish prior to his death.

183. As a direct, substantial and proximate result of the reckless, willful, malicious and/or otherwise tortious conduct of Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, Linwood Lambert was deprived of his physical liberty and life in violation of the United States Constitution, including the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount in compensatory and punitive damages, plus attorney's fees, interest and costs.

### COUNT X
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### PLAINTIFF V. DEFENDANTS, CORPORAL TIFFANY BRATTON, OFFICER, CLIFTON MANN AND OFFICER, TRAVIS CLAY

184. Plaintiff incorporates by reference each and every allegation set forth above.

185. Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay intentionally and/or negligently caused severe emotional distress to Linwood Lambert by their reckless, and intentional conduct, including but not limited to the excessive and gratuitous use of their TASER weapons which resulted in his murder.

186. As a direct, substantial, and proximate result of the reckless, malicious and intentional conduct of Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, Linwood Lambert suffered severe pain, emotional distress, and mental anguish prior to his death.

187. As a direct, substantial and proximate result of the reckless, willful, malicious and/or otherwise tortious conduct of Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, Linwood Lambert was deprived of his physical liberty and life in violation of the United States Constitution, including the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount in compensatory and punitive damages, plus attorney's fees, interest and costs.

### COUNT XI
### VIOLATION OF THE COMMONWEALTH OF VIRGINIA CONSTITUTION

### PLAINTIFF V. ALL DEFENDANTS

188. Plaintiff incorporates by reference each and every allegation set forth above.

189. The acts of Defendants, Chief of Police James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, the South Boston Police Department, and Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay, violated the constitution of the Commonwealth of Virginia, including Article 1 of the constitution which gave Linwood Lambert right to due process of law before being deprived of his life and liberty, and a right not to be subjected to an unlawful arrest, unlawful seizure, or excessive force at the hands of Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay.

190.    Defendants Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, the South Boston Police Department are liable on the basis of respondeat superior for any violations of the Constitution of the Commonwealth of Virginia that deprived Linwood lambert of his civil rights contained with the Constitution of the Commonwealth of Virginia.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount in compensatory and punitive damages, plus attorney's fees, interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that:

1.  This Court grant Plaintiff compensatory damages according to proof.

2.  This Court grant Plaintiff nominal damages.

3.  This Court grant Plaintiff punitive damages.

4.  This Court award Plaintiff attorney's fees, costs, and expenses related to this action.

5.  This Court grant injunctive relief to correct government procedure to prevent future injury.

6.  This Court award Plaintiff all such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

Respectfully submitted,

**KOPSTEIN & ASSOCIATES, LLC**

*/s/ David M. Kopstein*
David M. Kopstein (VSB #29999)
9831 Greenbelt Road, Suite 205
Seabrook, Maryland 20706
Telephone: (301) 552-3330
Fax: (301) 552-2170
dkopstein@cox.net


**MESSA & ASSOCIATES, P.C.**

/s/ Ramon A. Arreola, Esquire
Joseph L. Messa, Jr., Esquire (*pro hac vice*)
Thomas N. Sweeney, Esquire (*pro hac vice*)
Ramon A. Arreola, Esquire (*pro hac vice*)
123 S. 22nd Street
Philadelphia, PA 19103
Telephone: (215) 568-3500
Fax (215) 568-3501
jmessa@messalaw.com
tsweeney@messalaw.com
rarreola@messalaw.com

Dated: July 31, 2015