## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

GWENDOLYN SMALLS, as Administratrix
of the Estate of LINWOOD RAYMOND
LAMBERT, JR., deceased,

        Plaintiff,

                                **Civil Action No. 4:15CV00017**

v.

CHIEF OF POLICE, JAMES W. BINNER,
COLONEL,
Individually and in his official capacity, et als.,

        Defendants.

### ANSWER TO AMENDED COMPLAINT

COME NOW DEFENDANTS, Chief of Police, James W. Binner, Colonel, Deputy Chief of

Police, Brian K. Lovelace, Town of South Boston, Corporal Tiffany Bratton, Officer Clifton Mann

and Officer Travis Clay, denying that they are liable to Plaintiff in any sum under any legal theory

of recovery, and for their answer aver as follows:

1. These Defendants admit that Plaintiff seeks damages as alleged in paragraph 1 of

    Plaintiff's Amended Complaint. The remaining allegations of paragraph 1 of Plaintiff's

    Amended Complaint are denied.

2. As alleged in paragraph 2 of Plaintiff's Amended Complaint, it is admitted that in the

    early morning hours of May 4, 2013, Linwood Lambert, Jr. was unarmed, and that the

    police officers chose to transport Mr. Lambert to Halifax Regional Hospital for a mental

health evaluation. All other allegations in paragraph 2 of Plaintiff's Amended Complaint are denied.

3. As alleged in paragraph 3 of Plaintiff's Amended Complaint, it is admitted that tasers were deployed in the direction of Linwood Lambert, Jr. outside the Halifax Regional Hospital in response to Lambert's actions, specifically kicking out the window of the patrol car, running directly into the sliding glass entrance doors to the hospital and separating them from their track, and refusing to be placed under lawful arrest. All other allegations of paragraph 3 of Plaintiff's Amended Complaint are denied.

4. As alleged in paragraph 4 of Plaintiff's Amended Complaint, it is admitted that tasers were deployed in the direction of Linwood Lambert, Jr. outside the Halifax Regional Hospital in response to Lambert's actions, specifically kicking out the window of the patrol car, running directly into the sliding glass entrance doors to the hospital and separating them from their track, and refusing to be placed under lawful arrest. All other allegations of paragraph 4 of Plaintiff's Amended Complaint are denied.

5. The allegations of paragraph 5 of Plaintiff's Amended Complaint are denied.

6. As alleged in paragraph 6 of Plaintiff's Amended Complaint, it is admitted that the rescue squad was summoned to the Blue Ridge Regional Jail after Linwood Lambert, Jr. was placed under arrest, taken to the jail, and found to be unresponsive in the back of a police vehicle. The remaining allegations of paragraph 6 of Plaintiff's Amended Complaint are denied.

7. The allegations of paragraph 7 of Plaintiff's Amended Complaint are denied.

8. The allegations of paragraph 8 of Plaintiff's Amended Complaint are denied.

9. The allegations of paragraph 9 of Plaintiff's Amended Complaint are denied.

10. The allegations of paragraph 10 of Plaintiff's Amended Complaint are denied.

11. The allegations of paragraph 11 of Plaintiff's Amended Complaint are denied.

12. The allegations of paragraph 12 of Plaintiff's Amended Complaint are denied.

13. These Defendants deny the allegations of paragraph 13 of Plaintiff's Amended Complaint and deny that they are liable to Plaintiff in any sum whatsoever.

14. The allegations of paragraph 14 of Plaintiff's Amended Complaint do not require an answer of these Defendants. To the extent that an answer is required, the allegations are denied.

15. The allegations of paragraph 15 of Plaintiff's Amended Complaint are denied. On May 4, 2013, the same day this incident occurred, the investigation concerning Linwood Lambert, Jr. and his death was transferred to the Virginia State Police, and an investigation was performed concerning the events involving Linwood Lambert, Jr. by the Virginia State Police. Therefore, these Defendants were not "exclusively in the possession of" the documents referred to in paragraph 15 of Plaintiff's Amended Complaint nor do these Defendants possess all of the investigative reports concerning this matter. See Exhibit A (reporting that the Virginia State Police "have been called in to conduct an investigation into the incident").

16. The allegations of paragraph 16 of Plaintiff's Amended Complaint are denied. At no time did any of these Defendants "cover up the deprivation of Linwood Lambert, Jr.'s civil rights and conceal the conduct…" of any officer as no such cover up or deprivation of Linwood Lambert, Jr.'s rights occurred. On May 4, 2013, the investigation of the Linwood Lambert, Jr. matter was turned over to the Virginia State Police. The

allegations contained in paragraph 16 of Plaintiff's Amended Complaint are frivolous and lacking in any reasonable foundation.

17. The allegations of paragraph 17 of Plaintiff's Amended Complaint are denied. Further, these Defendants affirmatively state that they turned over the investigation of the Linwood Lambert, Jr. matter to the Virginia State police on the same day the events giving rise to this action occurred. These Defendants further affirmatively state that prior to the filling of this Amended Complaint, Defendants turned over to Plaintiff material in their possession concerning the events of May 4, 2013. Therefore, the allegations contained in paragraph 17 of Plaintiff's Amended Complaint are frivolous and lacking in any reasonable foundation.

18. The allegations of paragraph 18 of Plaintiff's Amended Complaint are denied. There has been no conspiracy to "cover up the violations of Plaintiff decedent's...rights...". On May 4, 2013, the same day this incident occurred, the investigation concerning Linwood Lambert, Jr. and his death was transferred to the Virginia State Police, and an investigation was performed concerning the events involving Linwood Lambert, Jr. by the Virginia State Police. These Defendants affirmatively state that prior to the filling of this Amended Complaint, Defendants turned over to Plaintiff material in their possession concerning the events of May 4, 2013. Therefore, the allegations contained in paragraph 18 of Plaintiff's Amended Complaint are frivolous and lacking in any reasonable foundation.

19. The allegations of paragraph 19 of Plaintiff's Amended Complaint are denied.

20. The allegations of paragraph 20 of Plaintiff's Amended Complaint are denied.

21. The allegations of paragraph 21 of Plaintiff's Amended Complaint are denied.

22. The allegations of paragraph 22 of Plaintiff's Amended Complaint are denied.

23. The allegations of paragraph 23 of Plaintiff's Amended Complaint are denied.

24. The allegations of paragraph 24 of Plaintiff's Amended Complaint are denied.

25. The allegations of paragraph 25 of Plaintiff's Amended Complaint do not require an answer of these Defendants. To the extent an answer is required, the allegations are denied.

26. These Defendants do not contest that this court has subject matter jurisdiction over claims and controversies that properly arise under federal law. However, these Defendants deny that Plaintiff has appropriately pled or alleged a case arising under federal law. These Defendants reserve the right to contest that a particular federal cause of action is appropriate in the instant matter.

27. These Defendants do not contest that this court has supplemental jurisdiction over state law claims that arise out of the same common nucleus of operative facts that give rise to a proper federal cause of action. However, these Defendants deny that Plaintiff has appropriately pled a case for supplemental jurisdiction and reserve the right to contest that a particular cause of action in the instant matter is properly before the court.

28. These Defendants do not contest that venue is proper in the Danville Division of the Western District of Virginia if this court has proper jurisdiction over the events concerning Linwood Lambert, Jr. These Defendants deny that Plaintiff has properly pled a cause of action sufficient to invoke the jurisdiction of this court and reserve the right to contest the jurisdiction of this court on any issue raised by Plaintiff's Amended Complaint.

29. These Defendants are without sufficient information to admit or deny the allegations of paragraph 29 of Plaintiff's Amended Complaint and demand strict proof thereof.

30. These Defendants are without sufficient information to admit or deny the allegations of paragraph 30 of Plaintiff's Amended Complaint and demand strict proof thereof.

31. These Defendants admit that Linwood Lambert, Jr. died on May 4, 2013. These Defendants are not presently aware of Linwood Lambert, Jr.'s date of birth.

32. Based on Exhibit A attached to Plaintiff's Amended Complaint, these Defendants admit the allegations of paragraph 32 of Plaintiff's Amended Complaint.

33. The allegations of paragraph 33 of Plaintiff's Amended Complaint are a legal conclusion that do not require an answer of these Defendants.

34. The allegations of paragraph 34 of Plaintiff's Amended Complaint are admitted.

35. The allegations of paragraph 35 of Plaintiff's Amended Complaint do not require an answer of these Defendants.

36. The allegations of paragraph 36 of Plaintiff's Amended Complaint are admitted.

37. The allegations of paragraph 37 of Plaintiff's Amended Complaint are admitted.

38. The allegations of paragraph 38 of Plaintiff's Amended Complaint are admitted.

39. The allegations of paragraph 39 of Plaintiff's Amended Complaint are denied.

40. The allegations of paragraph 40 of Plaintiff's Amended Complaint are admitted.

41. The allegations of paragraph 41 of Plaintiff's Amended Complaint are admitted.

42. These Defendants admit that the South Boston Police Department has adopted proper and appropriate policies dealing with a variety of law enforcement practices and techniques. These Defendants deny that the South Boston Police Department has

adopted all of the specific policies by name as set forth in paragraph 42 of Plaintiff's Amended Complaint.

43. The allegations of paragraph 43 of Plaintiff's Amended Complaint do not require an answer of the Town of South Boston. To the extent an answer may be required, the Town of South Boston denies that it is liable to Plaintiff under any theory.

44. As alleged in paragraph 44 of Plaintiff's Amended Complaint, these Defendants admit that there exists a policy entitled "112-Adm-Use of Force" and that said policy was approved by Defendant Chief Binner.

45. The allegations of paragraph 45 of Plaintiff's Amended Complaint, as presently articulated, are denied. Defendants are aware that the use of Tasers in other jurisdictions has been alleged to have caused death; however, the deployment of Tasers when a subject has become violent, causing damage to property and placing the safety of persons at risk, as was the case with Linwood Lambert, Jr., is an appropriate and necessary use of force alternative to more harmful and lethal options available to law enforcement officers.

46. The allegations of paragraph 46 of Plaintiff's Amended Complaint are denied. These Defendants affirmatively state that while any use of force option available to law enforcement officers has the potential to be used in excess, no such excessive force was used against Linwood Lambert, Jr. on May 4, 2013. These Defendants further affirmatively state that there is nothing "unique" about Tasers as a use of force option that makes them more or less susceptible to being used excessively.

47. The allegations of paragraph 47 of Plaintiff's Amended Complaint are denied.

48. The allegations of paragraph 48 of Plaintiff's Amended Complaint are denied.

49. The allegations of paragraph 49 of Plaintiff's Amended Complaint are denied. A Taser is an appropriate and necessary use of force alternative to more harmful and lethal options available to law enforcement.

50. The allegations of paragraph 50 of Plaintiff's Amended Complaint are denied.

51. The allegations of paragraph 51 of Plaintiff's Amended Complaint are denied.

52. The allegations of paragraph 52 of Plaintiff's Amended Complaint, as presently articulated, are denied. Defendants are aware that the use of Tasers in other jurisdictions has been alleged to have caused death; however, the deployment of Tasers when a subject has become violent, causing damage to property and placing the safety of persons at risk, as was the case with Linwood Lambert, Jr., is an appropriate and necessary use of force alternative to more harmful and lethal options available to law enforcement officers.

53. These Defendants have insufficient knowledge to admit or deny the allegations of paragraph 53 of Plaintiff's Amended Complaint and demand strict proof thereof.

54. The allegations of paragraph 54 of Plaintiff's Amended Complaint are denied.

55. As alleged in paragraph 55 of Plaintiff's Amended Complaint, it is admitted that it was reported that a guest was staying in Room 223 of the Super 8 Motel.

56. The allegations of paragraph 56 of Plaintiff's Amended Complaint, as presently articulated, are denied. However, it is admitted that at approximately 3:00 a.m. on May 4, 2013, Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay were dispatched to the Super 8 Motel.

57. These Defendants admit that the occupant of the first room checked by Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay confirmed that he did not dial 9-1-1.

58. These Defendants admit that Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay left after confirming that the occupant of the first room they checked at the Super 8 Motel did not dial 9-1-1.

59. These Defendants admit that at approximately 3:15 a.m. a 9-1-1 dispatcher called to inquire as to whether a guest was staying in another room.

60. These Defendants admit that a guest was staying in room 123.

61. These Defendants admit that Corporal T. Bratton, Officer C. Mann and Officer T. Clay returned to the Super 8 Motel to check on a second room.

62. These defendants admit that the occupants of the second room checked by Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay confirmed that they had not dialed 9-1-1.

63. These Defendants admit that Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay left the Super 8 Motel after confirming that the occupants of the second room had not dialed 9-1-1.

64. These Defendants have insufficient knowledge to admit or deny the allegations of paragraph 64 of Plaintiff's Amended Complaint and demand strict proof thereof.

65. These Defendants have insufficient knowledge to admit or deny the allegations of paragraph 65 of Plaintiff's Amended Complaint and demand strict proof thereof.

66. These Defendants admit that Linwood Lambert, Jr. was present in Room 109 when Defendants Officers Clay and Mann arrived on scene to check Room 109.

67. These Defendants have insufficient knowledge to admit or deny the allegations of paragraph 67 of Plaintiff's Amended Complaint and demand strict proof thereof.

68. These Defendants admit that Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay were on scene at the Super 8 Motel at approximately 4:45 a.m.

69. The allegations of paragraph 69 of Plaintiff's Amended Complaint are admitted.

70. The allegations of paragraph 70 of Plaintiff's Amended Complaint are denied.

71. These Defendants admit that Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay determined that a mental health evaluation would be appropriate for Linwood Lambert, Jr. at Halifax Regional Hospital because of the destruction observed by the officers to his hotel room, Linwood Lambert, Jr.'s comments that he had murdered two people and hidden the bodies in the ceiling, and his demeanor and affect as personally observed by the officers.

72. These Defendants admit that Linwood Lambert, Jr. complied with Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay's request that he be transported to Halifax Regional Hospital for evaluation. These Defendants admit that Linwood Lambert, Jr. was unarmed, was transported to Halifax Regional Hospital for evaluation according to the usual procedure and policy of the Town of South Boston Police Department and that such transport was required because of Linwood Lambert, Jr.'s behavior, his statements made to police and the condition of the room where the officers found him. All other allegations in paragraph 72 of Plaintiff's Amended Complaint are denied.

73. These Defendants admit that when Linwood Lambert, Jr. left the Super 8 Motel at approximately 5:00 a.m. he was unarmed. Linwood Lambert, Jr. complied with the

request of Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay to leave the premises of the Super 8 Motel because of the destruction observed by the officers to the hotel room, Linwood Lambert, Jr.'s comments that he had murdered two people and hidden the bodies in the ceiling, and his demeanor and affect as personally observed by the officers. All other allegations of paragraph 73 of Plaintiff's Amended Complaint are denied.

74. These Defendants admit that when Linwood Lambert, Jr. left the Super 8 Motel at approximately 5:00 a.m. he was unarmed and was required by Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay to leave the premises of the Super 8 Motel and be transported to Halifax Regional Hospital because of the destruction observed by the officers to the hotel room, Linwood Lambert, Jr.'s comments that he had murdered two people and hidden the bodies in the ceiling, and his demeanor and affect as personally observed by the officers. All other allegations of paragraph 74 of Plaintiff's Amended Complaint are denied.

75. These Defendants admit that during transportation from the Super 8 Motel to Halifax Regional Hospital, Linwood Lambert, Jr. was handcuffed as required by the policies of the South Boston Police Department. Further, it is admitted that tasers were deployed in the direction of Linwood Lambert, Jr. outside the Halifax Regional Hospital in response to Lambert's actions, specifically kicking out the window of the patrol car, running directly into the sliding glass entrance doors to the hospital and separating them from their track, and refusing to be placed under lawful arrest. All other allegations of paragraph 75 of Plaintiff's Amended Complaint are denied.

76. The allegations of paragraph 76 of Plaintiff's Amended Complaint are denied.

77. The allegations of paragraph 77 of Plaintiff's Amended Complaint are denied.

78. The allegations of paragraph 78 of Plaintiff's Amended Complaint are denied.

79. It is admitted that Linwood Lambert, Jr., after lawfully being placed under arrest, was transported to the Blue Ridge Regional Jail. The remaining allegations of paragraph 79 of Plaintiff's Amended Complaint are denied.

80. It is admitted that the rescue squad was summoned to the Blue Ridge Regional Jail after Linwood Lambert, Jr. was placed under arrest, taken to the jail, and found to be unresponsive in the back of a police vehicle. The remaining allegations of paragraph 80 of Plaintiff's Amended Complaint are denied.

81. It is admitted that Linwood Lambert, Jr. was pronounced dead on May 4, 2013.

82. The allegations of paragraph 82 of Plaintiff's Amended Complaint are denied.

83. It is admitted that Linwood Lambert, Jr., after lawfully being placed under arrest, was transported to the Blue Ridge Regional Jail. The remaining allegations of paragraph 83 of Plaintiff's Amended Complaint are denied.

84. These Defendants aver that the records referred to in paragraph 84 of Plaintiff's Amended Complaint speak for themselves and do not require an answer of these Defendants. Further, these Defendants are without sufficient information to admit or deny the contents of such records, and demand strict proof thereof.

85. These Defendants aver that the records referred to in paragraph 85 of Plaintiff's Amended Complaint speak for themselves and do not require an answer of these Defendants. Further, these Defendants are without sufficient information to admit or deny the contents of such records, and demand strict proof thereof.

86. These Defendants admit that the excerpt of the deceased's medical record referred to in Paragraph 86 of the Plaintiff's Amended Complaint is an accurate recitation of its contents, without conceding that said record or report is correct, relevant, or admissible. However, these Defendants are without sufficient information to admit or deny the contents of such records, and demand strict proof thereof.

87. These Defendants admit that the excerpt of the deceased's medical record referred to in Paragraph 87 of the Plaintiff's Amended Complaint is an accurate recitation of its contents, without conceding that said record or report is correct, relevant, or admissible. However, these Defendants are without sufficient information to admit or deny the contents of such records, and demand strict proof thereof.

88. These Defendants admit that the excerpt of the deceased's autopsy report referred to in Paragraph 88 of the Plaintiff's Amended Complaint is an accurate recitation of its contents, without conceding that said record or report is correct, relevant, or admissible. However, these Defendants are without sufficient information to admit or deny the contents of such report, and demand strict proof thereof.

89. These Defendants admit that the excerpt of the deceased's autopsy report referred to in Paragraph 89 of the Plaintiff's Amended Complaint is an accurate recitation of its contents, without conceding that said record or report is correct, relevant, or admissible. However, these Defendants are without sufficient information to admit or deny the contents of such report, and demand strict proof thereof.

90. These Defendants admit that the excerpt of the deceased's autopsy report referred to in Paragraph 90 of the Plaintiff's Amended Complaint is an accurate recitation of its contents, without conceding that said record or report is correct, relevant, or admissible.

However, these Defendants are without sufficient information to admit or deny the contents of such report, and demand strict proof thereof.

91. The allegations of paragraph 91 of Plaintiff's Amended Complaint are denied.

92. It is admitted that tasers were deployed in the direction of Linwood Lambert, Jr. outside the Halifax Regional Hospital in response to Lambert's actions, specifically kicking out the window of the patrol car, running directly into the sliding glass entrance doors to the hospital and separating them from their track, and refusing to be placed under lawful arrest. All other allegations of paragraph 92 of Plaintiff's Amended Complaint are denied.

93. It is admitted that Linwood Lambert, Jr. was unarmed. The remaining allegations of paragraph 93 of Plaintiff's Amended Complaint are denied.

94. The allegations of paragraph 94 of Plaintiff's Amended Complaint are denied.

95. It is admitted that Linwood Lambert, Jr. was not observed with a weapon. The remaining allegations of paragraph 95 of Plaintiff's Amended Complaint are denied.

96. The allegations of paragraph 96 of Plaintiff's Amended Complaint are denied.

97. The allegations of paragraph 97 of Plaintiff's Amended Complaint are denied.

98. The allegations of paragraph 98 of Plaintiff's Amended Complaint are denied. The allegations of paragraph 98 of Plaintiff's Amended Complaint are frivolous and lacking in any reasonable foundation in law or in fact.

99. These Defendants admit that a statement was issued and aver that the statement speaks for itself. See Exhibit A. The remaining allegations of paragraph 99 of Plaintiff's Amended Complaint are denied.

100. These Defendants aver that the statement issued by Deputy Chief Lovelace referenced in paragraph 100 of Plaintiff's Amended Complaint speaks for itself.

101. These Defendants aver that the statement referenced in paragraph 101 of Plaintiff's Amended Complaint speaks for itself.

102. The allegations of paragraph 102 of Plaintiff's Amended Complaint are denied. These Defendants further affirmatively state the allegations of paragraph 102 of Plaintiff's Amended Complaint are irrelevant to any issue properly before the court.

103. The allegations of paragraph 103 of Plaintiff's Amended Complaint are denied.

104. The allegations of paragraph 104 of Plaintiff's Amended Complaint are denied. These Defendants affirmatively state that the allegations were made without any supporting factual foundation and as such are frivolous allegations.

105. The allegations of paragraph 105 of Plaintiff's Amended Complaint are denied.

106. The allegations of paragraph 106 of Plaintiff's Amended Complaint are denied. These Defendants affirmatively state that the allegations were made without any supporting factual foundation and as such are frivolous allegations.

107. The allegations of paragraph 107 of Plaintiff's Amended Complaint are denied.

108. These Defendants deny that any policies, procedures or practices of the South Boston Police Department were amended, changed, altered or modified as a result of the incident concerning Linwood Lambert, Jr. The South Boston Police department routinely updates its policies and procedures in accordance with the best practices in law enforcement. It is specifically denied that Defendants Chief Binner, Deputy Chief Lovelace, the Town of South Boston or the South Boston Police Department

acknowledged that their policies were insufficient. The remaining allegations of paragraph 108 of Plaintiff's Amended Complaint are denied.

109. The allegations of paragraph 109 of Plaintiff's Amended Complaint are denied.

110. The allegations of paragraph 110 of Plaintiff's Amended Complaint are denied.

111. The allegations of paragraph 111 of Plaintiff's Amended Complaint are admitted.

112. The allegations of paragraph 112 of Plaintiff's Amended Complaint are denied. These Defendants affirmatively state that Defendants Chief Binner and Deputy Chief Lovelace, along with the Town of South Boston, are responsible for the actions of police officers when said actions are within their scope of employment. These Defendants expressly deny that any officer committed any tortious act against Linwood Lambert, Jr. and expressly deny that Linwood Lambert, Jr. was murdered.

113. These Defendants incorporate each and every answer set forth above.

114. The allegations of paragraph 114 of Plaintiff's Amended Complaint are denied.

115. The allegations of paragraph 115 of Plaintiff's Amended Complaint are denied.

116. The allegations of paragraph 107 of Plaintiff's Amended Complaint are denied.

117. These Defendants incorporate each and every answer set forth above.

118. The allegations of paragraph 118 of Plaintiff's Amended Complaint are admitted.

119. These Defendants deny that they are liable to Plaintiff under any theory of recovery and for any sum.

120. These Defendants incorporate each and every answer set forth above.

121. The allegations of paragraph 121 of Plaintiff's Amended Complaint are denied.

122. The allegations of paragraph 122 of Plaintiff's Amended Complaint are denied.

123. The allegations of paragraph 123 of Plaintiff's Amended Complaint are denied.

124.    These Defendants deny that they are liable to Plaintiff under any theory of recovery and for any sum.

125.    These Defendants incorporate each and every answer set forth above.

126.    These Defendants affirmatively allege that at all times their interaction with Linwood Lambert, Jr. on May 4, 2013 was professional, and that their actions were those of reasonable law enforcement officers under the circumstances confronting them. All other allegations of paragraph 126 of Plaintiff's Amended Complaint are denied.

127.    The allegations of paragraph 127 of Plaintiff's Amended Complaint are denied.

128.    The allegations of paragraph 128 of Plaintiff's Amended Complaint are denied.

129.    The allegations of paragraph 120 of Plaintiff's Amended Complaint are denied. It is affirmatively alleged that Defendants Chief Binner, Deputy Chief Lovelace and the Town of South Boston ratified the actions of the officers in their dealings with Linwood Lambert, Jr. on May 4, 2013.

130.    The allegations of paragraph 130 of Plaintiff's Amended Complaint are denied.

131.    The allegations of paragraph 131 of Plaintiff's Amended Complaint are denied.

132.    These Defendants incorporate each and every answer set forth above.

133.    The allegations of paragraph 133 of Plaintiff's Amended Complaint are a legal conclusion that do not require an answer of these Defendants. Notwithstanding the foregoing, these Defendants affirmatively state that the allegations of paragraph 133 are irrelevant to any issue properly before the court and do not reflect the circumstances surrounding the interaction with Linwood Lambert, Jr. on May 4, 2013. Therefore, the allegations of paragraph 133 of Plaintiff's Amended Complaint are denied.

134.    The allegations of paragraph 134 of Plaintiff's Amended Complaint are denied.

135.     The allegations of paragraph 135 of Plaintiff's Amended Complaint are denied.

136.     The allegations of paragraph 136 of Plaintiff's Amended Complaint are denied.

137.     The allegations of paragraph 137 of Plaintiff's Amended Complaint are denied.

138.     These Defendants incorporate each and every answer set forth above.

139.     The allegations of paragraph 139 of Plaintiff's Amended Complaint are admitted.

140.     The allegations of paragraph 140 of Plaintiff's Amended Complaint are denied.

141.     The allegations of paragraph 141 of Plaintiff's Amended Complaint are denied.

142.     The allegations of paragraph 142 of Plaintiff's Amended Complaint are denied.

143.     The allegations of paragraph 143 of Plaintiff's Amended Complaint are denied. These Defendants did not alter, change, amend or modify any training as a result of the incident involving Linwood Lambert, Jr. Any such change, if it occurred, was the result of the routine updating of the best practices in law enforcement by the South Boston Police Department.

144.     The allegations of paragraph 144 of Plaintiff's Amended Complaint are denied. The allegations of paragraph 144 of Plaintiff's Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

145.     The allegations of paragraph 145 of Plaintiff's Amended Complaint are denied. The allegations of paragraph 145 of Plaintiff's Amended Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

146.     The allegations of paragraph 146 of Plaintiff's Amended Complaint are denied. The allegations of paragraph 146 of Plaintiff's Amended Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

147.     The allegations of paragraph 147 of Plaintiff's Amended Complaint are denied.  The allegations of paragraph 147 of Plaintiff's Amended Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

148.     The allegations of paragraph 148 of Plaintiff's Amended Complaint are denied.

149.     The allegations of paragraph 149 of Plaintiff's Amended Complaint are denied.  The allegations of paragraph 149 of Plaintiff's Amended Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

150.     The allegations of paragraph 147 of Plaintiff's Amended Complaint are denied.

151.     The allegations of paragraph 151 of Plaintiff's Amended Complaint are denied.

152.     The allegations of paragraph 152 of Plaintiff's Amended Complaint are denied.

153.     These Defendants incorporate each and every answer set forth above.

154.     The allegations of paragraph 154 of Plaintiff's Amended Complaint are denied.  These Defendants affirmatively state that Defendants Corporal T. Bratton, Officer C. Mann and Officer T. Clay did not know that Linwood Lambert, Jr. required medical attention until after they arrived at the jail.

155.     The allegations of paragraph 155 of Plaintiff's Amended Complaint are denied.

156.     The allegations of paragraph 156 of Plaintiff's Amended Complaint are denied.

157.     The allegations of paragraph 157 of Plaintiff's Amended Complaint, as presently articulated, are denied.

158.     The allegations of paragraph 158 of Plaintiff's Amended Complaint are denied.

159.     The allegations of paragraph 159 of Plaintiff's Amended Complaint are denied.

160.     The allegations of paragraph 160 of Plaintiff's Amended Complaint are denied.

161.     The allegations of paragraph 161 of Plaintiff's Amended Complaint are denied.

162.    These Defendants incorporate each and every answer set forth above.

163.    The allegations of paragraph 163 of Plaintiff's Amended Complaint are denied.

164.    The allegations of paragraph 164 of Plaintiff's Amended Complaint are denied insofar as those allegations imply that Plaintiff's decedent's rights were violated. These Defendants affirmatively state that no Defendant violated Linwood Lambert, Jr.'s constitutional rights.

165.    The allegations of paragraph 165 of Plaintiff's Amended Complaint are denied.

166.    The allegations of paragraph 166 of Plaintiff's Amended Complaint are denied.

167.    The allegations of paragraph 167 of Plaintiff's Amended Complaint are denied.

168.    These Defendants incorporate each and every answer set forth above.

169.    The allegations of paragraph 169 of Plaintiff's Amended Complaint are denied.

170.    The allegations of paragraph 170 of Plaintiff's Amended Complaint are denied. On May 4, 2013, the same day this incident occurred, the investigation concerning Linwood Lambert, Jr. and his death was transferred to the Virginia State Police, and an investigation was performed concerning the events involving Linwood Lambert, Jr. by the Virginia State Police and, therefore, the allegations contained in paragraph 170 of Plaintiff's Amended Complaint are frivolous and lacking in any reasonable foundation.

171.    The allegations of paragraph 171 of Plaintiff's Amended Complaint are denied.

172.    The allegations of paragraph 172 of Plaintiff's Amended Complaint are admitted.

173.    The allegations of paragraph 173 of Plaintiff's Amended Complaint are denied. The allegations of paragraph 173 of Plaintiff's Amended Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

174. The allegations of paragraph 174 of Plaintiff's Amended Complaint are denied. The allegations of paragraph 174 of Plaintiff's Amended Complaint are wholly lacking in foundation and as such are unreasonable and frivolous.

175. The allegations of paragraph 175 of Plaintiff's Amended Complaint are denied.

176. The allegations of paragraph 176 of Plaintiff's Amended Complaint are denied.

177. The allegations of paragraph 177 of Plaintiff's Amended Complaint are denied.

178. The allegations of paragraph 178 of Plaintiff's Amended Complaint are denied. On the same day this incident occurred, Defendants Chief Binner and Deputy Chief Lovelace turned over to the Virginia State Police the investigation concerning the Linwood Lambert, Jr. matter, providing to the State Police all documentary evidence available to the South Boston Police Department at the time. These Defendants were therefore not "exclusively in the possession of" the documents referred to in paragraph 178 of Plaintiff's Amended Complaint.

179. The allegations of paragraph 179 of Plaintiff's Amended Complaint are denied.

180. The allegations of paragraph 180 of Plaintiff's Amended Complaint are denied and, therefore, the allegations contained in paragraph 180 of Plaintiff's Amended Complaint are frivolous and lacking in any reasonable foundation.

181. The allegations of paragraph 181 of Plaintiff's Amended Complaint are denied. On May 4, 2013, the same day this incident occurred, the investigation concerning Linwood Lambert, Jr. and his death was transferred to the Virginia State Police, and an investigation was performed concerning the events involving Linwood Lambert, Jr. by the Virginia State Police and, therefore, the allegations contained in paragraph 181 of Plaintiff's Amended Complaint are frivolous and lacking in any reasonable foundation.

182. The allegations of paragraph 182 of Plaintiff's Amended Complaint are denied.

183. The allegations of paragraph 183 of Plaintiff's Amended Complaint are denied.

184. These Defendants incorporate each and every answer set forth above.

185. The allegations of paragraph 185 of Plaintiff's Amended Complaint are denied. Further, Linwood Lambert, Jr. was not "murdered" and the inappropriate use of such term is without foundation and is frivolous as pled herein. The Defendants, therefore, move to strike such inappropriate and inflammatory language from the pleadings or any document filed by the Plaintiff in this case.

186. The allegations of paragraph 186 of Plaintiff's Amended Complaint are denied.

187. The allegations of paragraph 187 of Plaintiff's Amended Complaint are denied.

188. Defendants incorporate each and every answer set forth above.

189. The allegations of paragraph 189 of Plaintiff's Amended Complaint are denied.

190. The allegations of paragraph 190 of Plaintiff's Amended Complaint are denied.

### Affirmative Defenses

1. These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of Sovereign Immunity.

2. These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of Qualified Immunity.

3. These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the failure of Plaintiff to give proper statutory notice under Virginia Code §15.2-209.

4. These Defendants affirmatively allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory negligence.

5. These Defendants affirmatively assert that there is no good faith basis, nor any reasonable allegation made, nor any claim made upon which relief could be granted to support a request for injunctive relief.

6. These Defendants affirmatively assert that there is no good faith basis, nor any reasonable allegation made, nor any claim made upon which relief could be granted to support a request for punitive damages. These Defendants further affirmatively state that even if punitive damages may be awarded, that such damages are limited by Virginia Code §8.01-38.1.

7. These Defendants affirmatively state that Plaintiff's claims are, in part, frivolous and without any reasonable foundation or support in law or in fact, as articulated in Defendants' answers above. These Defendants affirmatively request that any such frivolous allegation be dismissed with prejudice, that Defendants be awarded their attorney's fees and costs with respect to any such frivolous allegation, and that the court enter an order sanctioning Plaintiff for filing any said frivolous allegation.

8. These Defendants aver that Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

WHEREFORE, these Defendants pray that judgment be entered in their favor, that Plaintiff's Complaint be dismissed with prejudice, that Defendants be awarded their attorney's fees and costs, and provided whatever other relief the Court deems equitable and just.

**CHIEF OF POLICE, JAMES W. BINNER, COLONEL, ET ALS.**

By Counsel

COUNSEL:

s/ Michael A. Nicholas
James A. L. Daniel (VSB #03881)
Martha White Medley (VSB #21171)
Michael A. Nicholas (VSB #80749)
Counsel for Defendants
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P. O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Phone
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com

## CERTIFICATE OF MAILING

I hereby certify that on the ___21st___ day of August 2015, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the

following:

David M. Kopstein, Esquire
Kopstein & Associates, LLC
9831 Greenbelt Road, Suite 205
Seabrook, MD 20706
*Co-Counsel for Plaintiff's attorneys*

Joseph L. Messa, Esquire
Ramon A. Arreola, Esquire
Thomas N. Sweeney, Esquire
Messa & Associates
123 S. 22nd Street
Philadelphia, PA 19103
*Co-Counsel for Plaintiff's attorneys*

s/ Michael A. Nicholas