IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

GWENDOLYN SMALLS, as Administratrix
of the Estate of LINWOOD RAYMOND
LAMBERT, JR., deceased,

Plaintiff,

Civil Action No. 4:15CV00017

v.

CHIEF OF POLICE, JAMES W. BINNER,
COLONEL,
Individually and in his official capacity, et als.,

Defendants.

### BRIEF IN SUPPORT OF SECOND MOTION FOR SANCTIONS

COME NOW DEFENDANTS, Chief of Police, James W. Binner, Colonel, Deputy Chief of Police, Brian K. Lovelace, Town of South Boston, Corporal Tiffany Bratton, Officer Clifton Mann and Officer Travis Clay and request that this Court enter an Order sanctioning Plaintiff's attorneys whose names appear on Plaintiff's Amended Complaint (ECF#46) for the unfounded, inflammatory and outrageous allegation that Linwood Lambert, Jr. was murdered by Defendants.

Plaintiff contends in paragraph 112 of her Amended Complaint that "at all times relevant hereto, Defendants Chief of Police, James W. Binner, Deputy Chief of Police, Brian K. Lovelace, the Town of South Boston, and the South Boston Police Department were responsible for the tortious acts and omissions of Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay and were further responsible for the hiring, training, supervision, monitoring and disciplining of the police officers involved in the murder of Linwood Lambert."

Further, Plaintiff contends in paragraph 185 of her Amended Complaint that "Defendants Corporal, Tiffany Bratton, Officer, Clifton Mann, and Officer Travis Clay intentionally and/or negligently caused severe emotional distress to Linwood Lambert by their reckless, and intentional conduct, including but not limited to the excessive and gratuitous use of their TASER weapons which resulted in his murder."

Murder is the intentional killing of a human being.  See Virginia Code §18.2-32.  Here Plaintiff has not alleged that any Defendant had the intent to kill Linwood Lambert, Jr., nor has the Plaintiff adduced any fact which could lead to the conclusion that any Defendant intended to kill Linwood Lambert, Jr.  Accordingly, to use the term "murder" in reference to the death of Linwood Lambert, Jr. serves no legitimate purpose and is, instead, used to inflame the passion of the trier of fact or to harass the Defendants.  In either case, such pleading is improper, and Defendants request that this Court enter an Order striking paragraphs 112 and 185 from Plaintiff's Amended Complaint, and provide whatever other relief the Court deems equitable and just.

Defendants have presented Plaintiff's attorneys with this motion and have given Plaintiff's attorneys twenty-one days to withdraw the offensive portions of the pleading pursuant to Rule 11(c).  Plaintiff's attorneys have refused to do so.  Defendants, therefore, ask this Court to strike those paragraphs of the pleading, reprimand Plaintiff's attorneys, and award Defendants their costs and attorney's fees expended.

**CHIEF OF POLICE, JAMES W. BINNER, COLONEL, ET ALS.**

By Counsel

COUNSEL:

 s/ Michael A. Nicholas
James A. L. Daniel (VSB #03881)
Martha White Medley (VSB #21171)
Michael A. Nicholas (VSB #80749)
Counsel for Defendants
DANIEL, MEDLEY & KIRBY, P.C.
110 North Union Street
P. O. Box 720
Danville, VA 24543-0720
(434) 792-3911 Phone
(434) 793-5724 Facsimile
jdaniel@dmklawfirm.com
mmedley@dmklawfirm.com
mnicholas@dmklawfirm.com

## CERTIFICATE OF MAILING

I hereby certify that on the ____18th____ day of September 2015, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system which will send notification of such

filing to the following:

> David M. Kopstein, Esquire
> Kopstein & Associates, LLC
> 9831 Greenbelt Road, Suite 205
> Seabrook, MD  20706
> *Co-Counsel for Plaintiff's attorneys*

> Joseph L. Messa, Esquire
> Ramon A. Arreola, Esquire
> Thomas N. Sweeney, Esquire
> Messa & Associates
> 123 S. 22nd Street
> Philadelphia, PA 19103
> *Co-Counsel for Plaintiff's attorneys*

s/ Michael A. Nicholas