# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

GWENDOLYN SMALLS, Individually ）
and as Administratrix of the Estate of ）
LINWOOD RAYMOND LAMBERT, ）
JR., deceased ）
）
Plaintiff, ）    **Case No.: 4:15-cv-00017**
）
v. ）    **ORDER**
）
CHIEF OF POLICE, JAMES W. BINNER, ）    **By: Robert S. Ballou**
COLONEL, Individually and in his official ）       **United States Magistrate Judge**
Capacity, et al. ）
）
Defendants. ）

## MEMORANDUM OPINION

Defendants have filed two motions for sanctions (Dkt. Nos. 56 and 66) to strike certain

portions of Plaintiff's pleadings.  Specifically, Defendants object to Plaintiff's memorandum

opposing Defendant's request for a protective order regarding the scope of discovery. In that

memorandum, Plaintiff equated the facts of this case to recent national events involving alleged

excessive force by police. Defendants also object to two instances in the Amended Complaint in

which the death of Linwood Lambert while in police custody was referred to as "murder."[1] I find

that Defendants have not shown that the questionable portions of Plaintiff's memorandum of law

or amended complaint violate Rule 11, and thus, **DENY** the motions for sanctions. I do find,

however, that the memorandum of law and amended complaint contain assertions which are

---

[1] Paragraph 98 of the Amended Complaint also uses the word "murder" to describe Lambert's death. Though Defendants did not raise this paragraph in their motion, this opinion and the accompanying order apply equally to Paragraph 98.

immaterial to any claim or defense asserted in this action and will direct that those portions of the pleadings be struck pursuant to Federal Rule of Civil Procedure 12(f).

## Factual Background

Plaintiff, Gwendolyn Smalls, Administratrix of the Estate of Linwood Raymond Lambert, Jr., deceased (hereinafter "Lambert"), brought this action against the Town of South Boston, Virginia, its police chief and three officers for the death of Lambert while in police custody. Plaintiff alleges that, in the early morning hours of May 4, 2013, three South Boston police officers took Lambert to the Halifax Regional Hospital for a mental health evaluation and treatment. While they were outside the doors to the emergency room, Defendants "tasered" Lambert multiple times. The responding officers then left the hospital with Lambert in a police car without seeking medical treatment for him. Approximately one hour later, Defendants returned to the hospital with an unresponsive Lambert, who was pronounced dead shortly thereafter.

Plaintiff's complaint alleges a total of eleven counts including several claims under 42 U.S.C. §§ 1983, 1985 and 1988 for excessive force, denial of medical care, conspiracy, and improper training of police officers. Plaintiff also asserts state law claims for assault and battery, excessive force, false arrest, and intentional infliction of emotional distress. Defendants raised the defense of qualified immunity and sought to limit any discovery strictly to the qualified immunity issues. In response, Plaintiff filed a memorandum in opposition and stated in the opening paragraph:

> In this case, the South Boston Police Department ("SBPD") joins the growing and ignominious fraternity of police departments from Waller County, Cleveland, Baltimore, North Charleston and Staten Island, unified by the all too frequent occurrence that police encounters with African American citizens result in the death of those citizens.

2

ECF 26, 1.

Plaintiff filed her amended complaint with leave of court on August 10, 2015 (Dkt. No. 46). In paragraphs 98, 112, and 185, Plaintiff asserts that the actions of the three officers involved with Lambert resulted in his "murder." Defendants' motion for sanctions asks the court to strike these offending statements and award costs and attorney's fees in obtaining this order.

## Analysis

Defendants contended at oral argument that the offensive assertions violated Fed. R. Civ. P. 11(b)(1) and (3), which provide that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> \* \* \*
>
> (3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Rule 11 sanctions may be appropriate when parties violate one of the provisions of Rule 11(b). Motions for sanctions are to be "filed sparingly." Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc., 2015 WL 1242690, at *2 (D. Md. Mar. 17, 2015) (quoting Thomas v. Treasury Mgmt. Ass'n, Inc., 158 F.R.D. 364, 366 (D. Md. 1994)). To avoid sanctions, an "allegation merely must be supported by some evidence." Brubaker v. City of Richmond, 943 F.2d 1363, 1377 (4th Cir. 1991) (emphasis in original).

Plaintiff acknowledges that comparing the events in this case to incidents involving alleged police misconduct in other states is not relevant to any claim asserted in the amended

3

complaint and the facts of the other cases are not admissible to prove any essential element of any claim asserted in this action. Likewise, Plaintiff agrees that no claim asserted requires that she prove that any officer engaged in criminal conduct of any type. Defendants have presented no evidence that any of the offending pleadings have resulted in any delay in discovery or any increase in the cost to the parties. Counsel for Defendants has suggested that recent media attention to the events involving the death of Lambert have caused concern for officer safety. However, there is no suggestion that this concern relates specifically to the statements at issue in these sanctions motions. Thus, I can find no basis under Rule 11(b)(1) in which sanctions would be appropriate.[2]

Defendants argue primarily that the language used in both the memorandum of law and the amended complaint is incendiary and thus, not necessary. Defendants have not challenged the legal sufficiency of the claims asserted by Plaintiff, except as to Count IX for conspiracy, which relates mainly to events that occurred after Lambert's death. Likewise, at this stage of the pleadings, Defendants do not contend that the other ten counts of the Amended Complaint are frivolous or baseless. Thus, I can find no basis for imposing sanctions under Rule 11(b)(3).

Therefore, both motions for sanctions are **DENIED**

**Rule 12(f)**

Rule 12(f) allows the court, on its own, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The opening paragraph of Plaintiff's memorandum of law (Dkt. No. 26) and her use of the word murder in her amended complaint are to be stricken from the pleadings in this case because these items are immaterial and impertinent to the particular issues before the court.

---

[2] I make no finding whether Rule 11(d) precludes the imposition of sanctions for statements made in a memorandum in opposition to a discovery motion.

"Information is 'immaterial' for the purposes of Rule 12(f) if it has 'no essential or important relationship to the claim for relief or the defenses being pleaded' and is 'impertinent' if it does 'not pertain, and [is] not necessary, to the issues in question.'" 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004).

First, Plaintiff's claims in this action, from a legal standpoint, are unrelated to law enforcement's interactions with African American citizens in other states; therefore, events from other states are immaterial to the resolution of the case before this court. Second, in a civil complaint alleging a § 1983 violation, assault and battery, wrongful death, excessive force, false arrest, and intentional infliction of emotional distress, an implication that the decedent was murdered by the defendants is both immaterial and impertinent. While Plaintiff has made multiple serious claims, none of these claims requires proof of premeditation or any intent to cause Lambert's death.[3] The factual averments that the officers' actions constituted murder are not boilerplate language and serve no purpose in notifying Defendants of the claims against them.  Use of the word "murder" could not have been chosen for any other purpose but to inflame the passions of the court and the public and it adds absolutely no value to the resolution of this case.

The court should utilize Rule 12(f) sparingly, as motions under the Rule are generally viewed with disfavor. Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).  Rule 12(f) is used, however, to strike pleadings where "'the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" Bandy v. Advance Auto Parts, Inc., No. 7:11-CV-00365, 2012 WL 831027, at *2 (W.D. Va. Mar. 6, 2012)

---

[3] The pleadings contain no assertions that any of the officers named in this action have been charged with any crime (much less convicted) relating to their involvement with Lambert.

(quoting <u>Bailey v. Fairfax County</u>, No. 1:10–cv–1031, 2010 WL 5300874, *4 (E.D. Va. Dec. 21, 2010)) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed.2004)).

I have invoked Rule 12(f) to strike portions of the pleadings which have no place in this action given the claims alleged and the defenses raised. <u>See, e.g.</u>, <u>Goldberg v. Nimoityn, et al.</u>, No. CIV.A. 14-980, 2014 WL 6908013, at *13 (E.D. Pa. Dec. 9, 2014) (striking references to the defendants as murderers because these allegations "[did] nothing to illuminate the real issues before the Court"). As this case progresses, discovery of the facts, the pleadings filed and the argument before the court shall remain focused solely on those matters relevant to the claims and defenses asserted.  To do otherwise is prejudicial to the parties.

## CONCLUSION

Defendants' motions for sanctions are **DENIED** for the reasons outlined above. Defendants' motion for attorney's fees is also **DENIED**. The court hereby orders that the second sentence of the first paragraph of Plaintiff's docket entry number 26 be stricken. Additionally, the word "murder" is to be stricken from paragraphs 98, 112 and 185 of the Amended Complaint. Dkt. No. 46. "Murder" is to be replaced with the word "death."

Entered:  November 13, 2015

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge