IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

GWENDOLYN SMALLS, as Administratrix
of the Estate of LINWOOD RAYMOND
LAMBERT, JR., deceased

        **Plaintiff,**

 v.                                              CIVIL ACTION NO. 4:15-cv-17

CHIEF OF POLICE, JAMES W. BINNER,
COLONEL, Individually and in his official
Capacity, et al.,

        **Defendants.**

## ORDER

Defendants have moved (Dkt. 139) to exclude the affidavit of Plaintiff's use of force expert, Melvin L. Tucker ("Tucker"), arguing that Plaintiff disclosed her expert for the first time by attaching Tucker's affidavit to her memorandum in opposition to Defendants' motion for summary judgment on qualified immunity. I **DENY** the motion because striking the affidavit at the summary judgment stage would prohibit the court from considering relevant and material evidence relating to Defendants' qualified immunity defense.

Plaintiff filed this § 1983 action for the wrongful death of her decedent, Linwood Raymond Lambert, Jr. ("Lambert"), alleging that Defendants used excessive force by repeatedly shocking Lambert with a Taser in violation of his constitutional rights. Defendants contend that they are entitled to qualified immunity. The court staged discovery limited at this time solely to whether Defendants are entitled to qualified immunity, and set a discovery cut-off for November 10, 2015. The court extended this deadline twice at the request of the parties, which resulted in a final discovery cut-off and deadline for filing dispositive motions on qualified immunity issues of December 16, 2015. Both Plaintiff and Defendants have filed motions for summary judgment,

which are fully briefed and before the district court for decision. None of the orders establishing a discovery cut-off and date for dispositive motions for qualified immunity specifically set a deadline to disclose experts who were expected to render opinions on qualified immunity issues.

Defendants served interrogatories upon Plaintiff in July 2015 requesting the identity of all experts Plaintiff intended to call at trial and to outline the information required under Rule 26. Dkt. No. 149. In November, Plaintiff objected to Defendants' expert interrogatory and stated that she intended to disclose experts in accordance with the court's pre-trial order. Defendants disclosed a use of force expert on November 10, 2015. The parties obtained leave to accommodate discovery of Defendants' expert. Defendants have relied upon their use of force expert in their motion for summary judgment to argue that their conduct did not violate Lambert's clearly established constitutional rights, and therefore, they are entitled to qualified immunity.

Plaintiff disclosed Tucker for the first time in her opposition to Defendants' motion for summary judgment in response to Defendants' contention that their conduct did not constitute excessive force. See Pl.'s Br. Resp. M. Summ. J., Dkt. No. 138; Dkt. No. 138-21. Tucker's affidavit includes his CV, a list of cases in which he has participated, materials he reviewed for this case, a summary of facts, police training materials, an article regarding studies of deaths following the use of a Taser-like device, instructions and warnings from Taser, and a model policy regarding the use of electronic control weapons. Id. Defendants do not object to Tucker's affidavit or his substantive opinions on the grounds that the disclosure fails to meet the requirements of Rule 26 regarding the disclosures a party must make under the Federal Rules of Civil Procedure. Rather, Defendants seek to strike Tucker's affidavit and any arguments based upon his opinions because Plaintiff failed to disclose the existence of the expert both in her

2

answers to interrogatories (Dkt. No. 149) and in accordance with the court's multiple orders governing discovery of qualified immunity issues.

Plaintiff argues that she disclosed Tucker as an expert only in opposition to Defendants' motion for summary judgment and that the use of Tucker's affidavit is proper under Fed.R.Civ.P. 56(c)(4). Plaintiff also argues that "the Court never set a deadline for expert disclosures, even in the qualified immunity context" (Pl.'s Br. Resp. 2, Dkt. No. 146) and that "no scheduling order addresses the subject of expert disclosures or the timing for serving expert reports" and, thus, Rule 26 governs these disclosures by default. Id. Plaintiff contends that neither the pretrial order nor the court's numerous orders setting, modifying, and extending the qualified immunity discovery period in this case set a deadline for expert disclosure.[1] Id. at 3.

Plaintiff retained Tucker as an expert in this action on October 14, 2015. Dkt. No. 150. The court has held numerous conferences with the parties to discuss discovery regarding qualified immunity and the deadline for filing dispositive motions on that issue. No doubt, the ambiguity of whether an express expert disclosure deadline existed apart from the initial pre-trial order has allowed Plaintiff to engage in a bit of gamesmanship to "hold" Tucker's opinion until the last possible moment. Nevertheless, Defendants are effectively asking the court to exclude relevant and material evidence on purely procedural grounds, having made no objection that Tucker's opinions are substantively objectionable or that the disclosure fails to satisfy the Rule 26 requirements. To exclude Tucker's affidavit and opinions would not serve the purpose of a motion for summary judgment, particularly a motion for summary judgment on the issue of

---

[1] Judge Kiser's pretrial order addresses discovery deadlines and expert witness disclosure deadlines in paragraphs seven and nine. Dkt. No. 7. The August 6, 2015 order granting in part Defendant's motion to limit discovery sets new deadlines for discovery on the issue of qualified immunity. Dkt. No. 42. While this order did direct the parties to complete "all discovery" by a date certain, it is true that the order did not expressly address the disclosure of expert witnesses. It also did not expressly amend or leave in place the other provisions of Judge Kiser's pretrial order. The subsequent discovery orders (Dkt. Nos. 102, 107) also did not set explicit deadlines for the disclosure of expert witnesses, but instead used the broad term "discovery."

3

qualified immunity.

A court must grant summary judgment where there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The purpose of a motion for summary judgment is for the court to grant judgment without the need for a trial as to matters properly before the court." Deutsch Bank National Company v. Brader, 2015 WL 9872070, at *9 (D.S.C. Oct. 28, 2015). Doing so allows the court to "isolate and dispose of meritless litigation." United Mine Workers of America, Dist. 31 v. Thames Dev., Ltd., 821 F. Supp. 426, 427 (S.D. W. Va. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). This is particularly important in cases involving qualified immunity because the "basic purpose of qualified immunity [] is to spare individual officials the burdens and uncertainties of standing trial in those instances where their conduct would strike an objective observer as falling within the range of reasonable judgment." Gooden v. Howard County, 954 F.2d 960, 965 (4th Cir. 1992) (en banc) (citing Anderson v. Creighton, 483 U.S. 635, 638 (1987)).

These fundamental and important purposes are not served by restricting the court's consideration of otherwise relevant evidence at a key stage of this litigation.[2] To exclude Tucker's affidavit solely on the basis that it was untimely would elevate procedure over substance, resulting in the court's inability to consider evidence at the summary judgment stage that Defendants do not contend is inadmissible at trial. Such a decision would go against the Fourth Circuit's repeated instruction that courts should resolve cases on their merits, even when parties fail to adhere to procedural rules. See, e.g., United States v. Shaffer Equipment Co., 11 F.3d 450, 453 (4th Cir. 1993) (noting that the court has a "strong policy that cases be decided on

---

[2] Counsel for both parties agreed during oral argument that Plaintiff has properly and timely disclosed Tucker as an expert to testify at trial and that any deficiencies in Tucker's Rule 26 disclosure, if any, are curable prior to trial.

4

their merits" and reversing a district court's sanction of dismissal even when counsel had violated the duty of candor toward the tribunal); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (stating "the general policy embodied in the Federal Rules favor[s] resolution of cases on their merits" and reversing the lower court's denial of a motion to amend that effectively ended a plaintiff's case). I find that this policy is particularly applicable in the context of a motion for summary judgment because a court should grant summary judgment "only where it is perfectly clear that there are no issues in the case." Pierce v. Ford Motor Co., 190 F.2d 910, 915 (4th Cir. 1951); see also Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985); Mid-American Waste Systems, Inc. v. Williams, 993 F.2d 1538 (1993); Sun Yung Lee v. ZOM Clarendon, L.P., 665 F. Supp. 2d 603, 614 (E.D. Va. 2009) (holding the same). To strike evidence which is otherwise properly before the court based on a procedural default contradicts the longstanding policy in favor of adjudication on the merits and unnecessarily limits the court's ability to determine whether it is "perfectly clear" that a party is entitled to judgment as a matter of law. This is especially true when, as Plaintiff points out, the orders governing discovery on qualified immunity did not specifically address the disclosure and use of expert opinions in the parties' motions for summary judgment. Rather than restrict the court's consideration of otherwise proper evidence at this critical stage of the case, I find that denying the motion to exclude Tucker's affidavit best serves the interests of justice.

Accordingly, it is hereby **ORDERED** that Defendants' motion to exclude Tucker's affidavit and opinion is **DENIED**.

5

Case 4:15-cv-00017-JLK-RSB   Document 152   Filed 02/01/16   Page 5 of 6   Pageid#: 3423

Entered: February 1, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge